## GEORGE W. PARKE vs. CITY OF BOSTON.

Suffolk.    January 18, 1900. — March 2, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Taking of Land — Assessment — Equity — Mistake of Fact — Rescission*
*or Reformation of Contract.*

A mistake, not with reference to the existence at the time of a certain fact, but simply as to the probability of the occurrence of a future event, is not a mistake of fact within the meaning of that term in the rules in equity concerning the rescission or reformation of a contract. The mistake must be with reference to a fact past or present.

BILL IN EQUITY, filed January 4, 1899, alleging that the defendant took a portion of the plaintiff's land for the widening of Blue Hill Avenue, which had three sewers; that the construction of the street and of the sewers went on together and seemed to be parts of the same work; that the board of street commissioners offered the petitioner $1,628 as their estimate of the amount of damages to his land, while he claimed a much larger sum; that in considering their offer he sought information from the proper officers of the city as to whether local assessments would be laid towards meeting the expense of the work then going on, and was informed that no assessment whatever would be made for it; that considering this he accepted the offer and conveyed the needed land to the city; and that afterwards the city made an assessment on his remaining land of $706.53 for the sewers, and the time had then expired within which he could apply for an assessment of his damages. The prayer was for remedy against the mistake under which he accepted the offer and conveyed the land, by permitting him to refer the question of damages to a jury.

The defendant demurred, assigning among other things as ground therefor want of equity. In the Superior Court a decree was entered that the demurrer be sustained and the bill dismissed; and the plaintiff appealed to this court.

*G. W. Parke*, pro se.

*P. Nichols*, for the defendant, was not called upon.

HAMMOND, J. Even if it be assumed in favor of the plaintiff that the inquiries made by him and the answers given to him were broad enough to cover the case of sewer assessments, and that he would not have settled with the city unless he had supposed that no sewer assessment was to be laid, and even if several other grave objections to the relief prayed for be passed over, it is plain that there is one feature of the case as stated in the bill which is fatal to the plaintiff.

The plaintiff was mistaken as to whether after the settlement he " would not be liable to pay any assessment or contribution towards the cost of the improvements then going on in Blue Hill Avenue or any part thereof except what might be included in his " general annual tax. In so far as his liability depended upon the law authorizing such an assessment and he was mistaken about that, it was a mistake as to the general well known law on the subject and not of fact. And moreover we do not understand the bill to allege that the plaintiff was mistaken about the law. In so far as his liability depended upon any assessment which the proper authorities might thereafter lay and he was mistaken about that, it was a mistake not with reference to the existence at that time of a certain fact, but simply as to the probability of the occurrence of a future event. This is not a mistake of fact within the meaning of that term in the rules in equity concerning the rescission or reformation of a contract. The mistake must be with reference to a fact past or present. Kerr, Fraud & Mistake, (2d ed.) 476. Beach, Eq. Jur. § 49. *Southwick* v. *First National Bank of Memphis*, 84 N. Y. 420.

*Demurrer sustained.*