THOMAS E. JONES vs. ALEXANDER MAGUIRE & another, executors.

Middlesex.   March 4, 1915. — May 22, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Conservator. Waiver. Election. Guardian. Husband and Wife.*

The right of a surviving husband under R. L. c. 135, § 16, to elect whether he will accept or waive the provisions made for him in the will of his deceased wife, is a personal privilege and not a property right, and therefore before the enactment of St. 1915, c. 23, could not be exercised by the conservator of the property of an insane surviving husband appointed under R. L. c. 145, § 40, as amended before 1915, although by R. L. c. 145, § 33, a guardian of an insane person is given such a power.

APPEAL from a decree of the Probate Court for the county of Middlesex dismissing a petition by Thomas E. Jones as the sole heir of Edward Jones, of Newton, the surviving husband of Margaret Jones. The will of Margaret Jones was admitted to probate on November 11, 1910. The petition represented that by virtue of the waiver of the provisions of the will of Margaret by her surviving husband Edward, which was filed by the conservator of the property of Edward who then was insane, the petitioner was entitled to take the statutory share of Edward in the estate of Margaret.

The alleged waiver was as follows: "Respectfully represents Edward Jones of Newton in the County of Middlesex that he is the husband of Margaret Jones, late of Newton in the County of Middlesex, deceased, that the will of said deceased was admitted to probate in said County by decree of this court dated November 11, 1910, and he doth hereby waive any provisions that may have been made in it for him and doth claim such portion of the estate of the deceased as he would have taken if the deceased had died intestate. Dated this third day of December, 1910. Edward Jones, by Thomas E. Jones, conservator."

The appeal was heard by *Braley,* J., who made findings of fact and at the request of the parties reported the case on such findings for determination by the full court.

St. 1915, c. 23, which is referred to in the opinion but has no application to this case, is entitled "An Act relative to the duties and powers of conservators," and is as follows:

"Section 1. Conservators appointed under the provisions of section forty of chapter one hundred and forty-five of the Revised Laws and acts in amendment thereof or in addition thereto shall have the powers, and perform the duties, except as to the custody of the person, of guardians of insane persons. All provisions of law relating to the jurisdiction of the Probate Court over the estates of persons under guardianship as insane persons shall be applicable to the estates of persons under conservatorship.

"Section 2. This act shall take effect upon its passage."

*W. A. Buie,* (*P. S. Cunniff* with him,) for the petitioner.

*W. A. Murray,* for the respondents.

BRALEY, J. By the R. L. c. 145, § 33, "If property, rights or benefits given by will or by provision of law depend upon the election, waiver or other act of a person incompetent by reason of insanity or minority to exercise or perform the same, his guardian may make such election or waiver or perform such acts."

But the petitioner, who had been appointed only as a conservator, was not clothed with this authority when the right of his insane ward to elect under R. L. c. 135, § 16, whether he would accept or waive the provisions made for him in the will of his deceased wife, accrued. R. L. c. 145, § 40, as amended by Sts. 1903, c. 96; 1905, c. 127; 1907, c. 169, § 3. *Chase* v. *Chase,* 216 Mass. 394. See St. 1915, c. 23.

While charged with the entire management of his ward's estate, the right of election or waiver is not a property right. It is purely a personal privilege, the exercise of which rested in the discretion of the surviving spouse, although by reason of insanity he was legally incapable of the power of choice. *Sherman* v. *Newton,* 6 Gray, 307. *Pinkerton* v. *Sargent,* 102 Mass. 568, 570. *Kent* v. *Morrison,* 153 Mass. 137, 140.

The decree of the court of probate dismissing the petition should be affirmed.

*Ordered accordingly.*