EMMA REYELTS WOHLERS, Appellee, v. FRED W. GRIESSE et al., Appellants.

WILLS: Election—Permission to Withdraw—Mistake or Fraud. So long as parties have not changed their positions, a statutory election between the provisions of the will and the distributive share may be withdrawn, under permissive order of the court, for fraud or mutual mistake. So held where the widow, who had elected to take under the will, was permitted to withdraw her election, owing to mutual mistake as to who was under obligation to remove the encumbrance on a devise to her. Sec. 3376, Code, 1897.

*Appeal from Lyon District Court.*—W. D. BOIES, Judge.

MONDAY, MARCH 12, 1917.

PROCEEDING in probate wherein the widow of the decedent made an application that she be allowed to withdraw her previous election to take under the will, and that she be permitted to claim her distributive share under the statute. The petition was resisted by the executor of the estate and the residuary legatee. The trial court sustained

the widow's petition and set aside her election. The other parties have appealed.—*Affirmed.*

*Simon Fisher,* for appellants.

*S. D. Riniker,* for appellee.

EVANS, J.—Peter Reyelts died testate in October, 1914. He left surviving him his widow, and one child of a former marriage, Claus Reyelts, who is one of the appellants herein. The will of the testator, which was duly probated, contained a substantial devise for the benefit of the widow, though less in value than one third of the net value of the estate. The son, Claus, was made the residuary legatee of the estate. The appellant Griesse was named as the executor of the estate, and duly qualified. The devise to the widow included a quarter-section farm, which was in fact encumbered by a mortgage for $7,200. This mortgage later became the occasion of misunderstanding between the parties. It was the bone that started this contention. The election of the widow to take under the will was filed in September, 1915. This election was the result of some negotiation and understanding between her on the one hand and the executor and the son Claus on the other. All the parties to this proceeding are Germans. The widow could not read or write or speak the English language. The will was written in English. The conversations of the parties as between themselves were all conducted in the German language. The showing on behalf of the widow is that she was assured by the executor and the residuary legatee that, under the will, the son Claus was to pay all the debts, and that the widow was to have the farm in question clear of encumbrance. With that understanding, she executed her written election, which was prepared and presented to her by the executor and by him filed. Afterwards, the son and the executor denied the liability of the

son to pay such mortgage. It was proposed to present the matter to the court for decision. A petition was filed in this proceeding, whereby the executor and son asked the court to construe the will in that regard. There can be no question that the legal effect of the will was to leave the mortgage as a lien upon the farm devised to the widow. Because of this fact, and because of the refusal of the son and executor to recognize any liability for the discharge of such encumbrance, the widow brought this proceeding, asking to withdraw her election. The trial court found the facts substantially as contended for by her.

It is contended for the appellants that they made no representations to her and that they did not advise her, and that she knew as much about the contents of the will as they did. There is no doubt that she knew the contents of the will in a general way. She was present when the will was made and knew its contents at that time. It was read over to her later by the executor, and the contents explained in the German language. She did not, however, know the legal effect of the will so far as the effect of such mortgage lien was concerned. In the devise of the property to her, the mortgage itself was not mentioned. The question was undoubtedly a subject of conversation between the parties. There is no doubt, under the evidence, that the widow believed that the son was to pay all the debts. Nor is there much doubt that the son himself and the executor believed at one time that such was the effect of the will, and that they expressed that belief to the widow. The widow had no adviser except the executor. Reduced to its lowest terms, the situation is that, as a result of her negotiations with the son and the executor, she believed that the son was to pay and was intending to pay the mortgage upon the farm devised to her, and they knew that she so believed. If the executor and son believed likewise, and knew that she was making her election in such belief, then it was a

case of mutual mistake. If they did not believe likewise, then, under the circumstances shown, it amounted to a fraud and misrepresentation on their part. We are impressed from the record that the first hypothesis is probably true. The executor in fact paid one or two installments of interest on this mortgage out of the residuary assets, and made no charge or claim therefor against the widow. This is strongly indicative of his view at that time. It appears incidentally that, some time after the election, the widow married. After the marriage, the attitude of the parties changed toward each other somewhat, and the son and the executor appear to have discovered that the son was not legally liable for the payment of such mortgage. If the land were clear from the encumbrance, the property devised to the widow would still be somewhat less in value than her distributive share. The inequality was increased proportionately by the liability for the encumbrance. We think the trial court reached a proper conclusion. *Richart v. Richart*, 30 Iowa 465; *Waggoner v. Waggoner,* (Va.) 30 L. R. A. (N. S.) 644, 648; 2 Schouler on Wills (5th Ed.), page 1528; 2 Underhill on Wills, page 1015.

The parties have not changed their position to their injury by reason of such election. The rights of third parties are not involved. Some property had been sold by the executor for the purpose of paying debts. These purchasers are not affected by the order of the court. The widow had constructed a garage upon certain lots which had been devised to her. This is a comparatively small matter, which can readily be cared for equitably in the distribution of the estate. The case is one in which we are disposed here to attach considerable weight to the conclusions of the trial court, and this is especially so as to questions of fact and matters of discretion. We see no ground, upon the record, to interfere. The order of the trial court is therefore— *Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.