## CHARLES F. PORTER *vs.* NETTIE J. SPRING.

Franklin.    September 17, 1924. — October 16, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equity Pleading and Practice,* Appeal; Master: findings without report of evidence, requests for findings. *Equity Jurisdiction,* Mistake. *Evidence,* Presumptions and burden of proof. *Curtesy.*

In a suit in equity, findings by a master in a report which does not contain a report of the evidence must stand unless they are mutually inconsistent or contradictory.

A wife died in 1917 leaving personal property insufficient to pay her debts and the expenses of the administration of her estate, real estate and personal property of a value together not exceeding $5,000, and a will and codicil, the provisions of which were less favorable to the financial interests of her husband than were rights given him by the provisions of the statutes then in force.   The husband consulted competent counsel and decided that he wished to waive the provisions of his wife's will. A blank form on a single sheet of paper was placed before him and he was directed to sign in two places.   On the form were two blanks, one for a waiver of the will and one for an election to claim curtesy.   In signing the paper, the husband intended only to waive the provisions of the will and did not intend to claim curtesy.   The paper was filed by the attorney without severance in July, 1917.   Thirteen months later the husband learned "that there was trouble with his waiver," thereafter consulted various lawyers and in May, 1921, filed a bill in equity to have the election to claim curtesy adjudged filed by accident and mistake and declared void.   The title had remained unchanged since the death of the wife.   *Held,* that

(1) No reason appeared why the equitable doctrine in favor of relief against the legal consequences of an accident or mistake should not be invoked in the circumstances;

(2) The doctrine, that ordinarily one must be presumed to know the contents of instruments in writing signed by him and be bound by their legal effect, had no application to prevent rectification of the mistake of the plaintiff;

(3) In the circumstances, no intention to elect curtesy could be presumed in direct contravention of the actual intent of the plaintiff found by the master;

(4) The doctrine of rectification of mistake by resort to equity was applicable to the peculiar facts revealed by the record;

(5) The findings by the master did not go to the extent of establishing negligence on the part of the plaintiff;

(6) In the circumstances, the plaintiff was not barred by laches;

(7) There was no error in admission by the master of testimony by the plaintiff setting forth conversations with his attorney relating to his purpose in consulting the attorney or in stating categorically his own intent as to claiming curtesy.

BILL IN EQUITY, filed in the Superior Court on May 12, 1921, and afterwards amended, seeking to have declared null and void by reason of mistake of the plaintiff a claim of curtesy filed by the plaintiff, in the Probate Court on July 5, 1917, with respect to the estate of his wife, who had died testate.

The defendant demurred. The demurrer was heard by *Aiken,* C.J., and was overruled. The defendant appealed. The bill thereafter was amended.

The suit then was referred to a master. Material findings by the master are described in the opinion. The defendant filed objections and exceptions to the report. The suit then was heard by *Whiting,* J., by whose order there were entered an interlocutory decree overruling the exceptions to the report and confirming the report and a final decree granting to the plaintiff the relief sought. The defendant appealed.

*C. Fairhurst,* (*W. A. Davenport* with him,) for the defendant.

*J. A. Stiles,* for the plaintiff.

RUGG, C.J. This is a suit in equity wherein the plaintiff seeks to have set aside a claim for curtesy filed by him with respect to the settlement of the estate of his testate wife. After a demurrer to the bill had been overruled, the case was referred to a master, under a rule which required him to make report of his findings together with such facts and questions of law as either party might request.

The evidence is not reported. Therefore the facts found by the master must stand unless they are mutually inconsistent or contradictory. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334, and cases there collected. *Volpe* v. *Sensatini,* 249 Mass. 132. There is no incongruity in the several findings made. Hence they must be accepted as true.

The facts as found by the master are that the wife of the plaintiff deceased in 1917 without issue, leaving personal estate insufficient to pay her debts and charges of administration and leaving real and personal estate of not exceeding in the aggregate $5,000. She left a will and codicil, the provisions of which were less favorable to the financial in-

terests of the plaintiff than the provisions of the statutes
then in force.   R. L. c. 140, § 3, cl. 3.   R. L. c. 135, § 16.
The plaintiff seasonably consulted an attorney at law by
whom he was advised as to the waiver of the testamentary
provisions made in his behalf by his deceased wife and by
whom he was sent to another attorney at law at the county
seat to have the waiver filed.   The plaintiff told the latter
attorney that he wished to waive the provisions of his wife's
will.   A blank form was obtained and the plaintiff was di-
rected to sign it in two places.   This form contained two
blanks, on a single sheet of paper, one a waiver of the will
under R. L. c. 135, § 16, and the other an election to claim
curtesy, under R. L. c. 132, § 1, as amended by St. 1915, c.
134.   Both blanks were filled out and signed by the plaintiff
at the same time pursuant to guidance and advice of able
counsel.   The single sheet of paper containing both state-
ments was filed with the probate records.   The plaintiff
intended when signing this paper to waive the provisions of
his wife's will, but did not intend to claim curtesy.   The
master further finds that " if there was a mistake in filing
the paper in the Probate Court it was through mistake of
his counsel and not by reason of any misapprehension of its
effect on the part of the plaintiff himself."   The plaintiff
first learned in August, 1918, "that there was trouble with
his waiver."   He thereafter consulted various lawyers and
the present bill was filed in May, 1921, the title to the real
estate having remained unchanged since the death of the
wife.

The finding of the master is not quite clear.   We interpret
it, though with some hesitation, to mean that there was
accident and mistake so far as concerns the plaintiff himself;
that he had no purpose or design to elect to claim curtesy
in the estate of his wife, but only to waive the testamentary
provisions made for him by her, and that through some mis-
adventure amounting to accident or mistake on the part of
his counsel, the election to claim curtesy was filed contrary
to the plaintiff's desire and intention.

The two papers as filed were clear in terms and in legal
effect.   They conformed to the terms of the statute and

amounted to the exercise of two distinct, independent and separable rights of the plaintiff with respect to the estate of his wife. *Mathews* v. *Mathews*, 141 Mass. 511. So long as they both stand, they are unequivocal declarations by him. No reason is perceived why the equitable doctrine in favor of relief against the legal consequences of accident or mistake should not be invoked. The act of the plaintiff in filing the election to claim curtesy was the exercise of a personal right. *Jones* v. *Maguire*, 221 Mass. 315. No contract or attempt to make a contract is involved. The interests of no third party have intervened because the title is in the same state now as at the death of the wife, except so far as affected by the papers signed by the plaintiff and filed. It is manifest that in the exercise of sound judgment there was no ground in the facts here disclosed for the filing by the plaintiff of an election to take curtesy, while there was ample basis for filing a waiver of the provisions of the will. *Naylor* v. *Nourse*, 231 Mass. 341, 343. The doctrine that ordinarily one must be presumed to know the contents of instruments in writing signed by him and be bound by their legal effect is well settled, *Clark* v. *Boston*, 179 Mass. 409, *Wheaton Building & Lumber Co.* v. *Boston*, 204 Mass. 218, 226, *Aleman* v. *American Express Co.* 237 Mass. 580, 585, *Gold* v. *Boston Elevated Railway*, 244 Mass. 144, 147, but it has no application to cases of mistake. The simple mistake of only one party to a written contract as to its contents or legal effect in the absence of misrepresentation, fraud or duress does not amount to a mutual mistake such as alone, in cases of that nature, warrants the interposition of equity to reform or relieve against the consequences of the contract as written. *Dzuris* v. *Pierce*, 216 Mass. 132, 135. That principle is not relevant to the facts of the case at bar, because the plaintiff was the only party to the execution and filing of the election to claim curtesy although the interests of others might be affected by a completed election. When the intent or design of the plaintiff was not to claim curtesy, the filing of a paper of that tenor by a third person, even though his attorney, was an accident or mistake on the plaintiff's part. *Taylor* v. *Buttrick*, 165 Mass. 547. *Parke*

v. *Boston,* 175 Mass. 464. *Fells's Case,* 226 Mass. 380. No intention to elect curtesy can be presumed in direct contravention of the actual intent found by the master. *Watson* v. *Watson,* 128 Mass. 152, 155. In the circumstances here disclosed the remedy against counsel is not exclusive, *Amherst College* v. *Allen,* 165 Mass. 178, but the petitioner may resort to equity. The doctrine of mistake is applicable to the peculiar facts revealed on this record. *Reggio* v. *Warren,* 207 Mass. 525, 533, 534, 535. There is nothing in *Shelton* v. *Sears,* 187 Mass. 455, 460, at variance with this conclusion, which is supported by the principle of numerous decisions in other jurisdictions. *Macknet* v. *Macknet,* 2 Stew. 54. *Waggoner* v. *Waggoner,* 111 Va. 325. *Craven* v. *Craven,* 181 Ky. 428, 431. *Wohlers* v. *Griesse,* 179 Iowa, 629. *Dudley* v. *Pigg,* 149 Ind. 363, 367. *Woodburn's Estate,* 138 Penn. St. 606, 614. *Evans's Appeal,* 51 Conn. 435. *Tolley* v. *Poteet,* 62 W. Va. 231, 246. Story's Eq. Jur. (14th ed.) § 119.

The findings of the master do not go to the extent of establishing negligence on the part of the plaintiff. He consulted competent counsel betimes and was guided by their advice. *Dzuris* v. *Pierce,* 216 Mass. 132, 137. *Reggio* v. *Warren,* 207 Mass. 525.

The plaintiff is not barred by laches from maintaining his bill. One cannot slumber on his rights and thereafter pray for relief in equity. No one has suffered by the delay of the plaintiff in the case at bar, and it has not been unreasonably long. *O'Brien* v. *O'Brien,* 238 Mass. 403, 411. *New York Central Railroad* v. *Ayer,* 239 Mass. 70, 77, 78.

There was no error in the admission of testimony by the plaintiff of conversations with his attorney touching his purpose in consulting him or in stating categorically his own intent as to claiming curtesy. The plaintiff's whole case rested upon the contention that by accident or mistake his own settled design as to his wife's estate had been frustrated. Any competent evidence was admissible to prove that part of his case. His declarations in the circumstances here shown had probative value in that connection and were competent. *Butterfield* v. *Reed,* 160 Mass. 361, 370. *Sherman* v. *Sherman,*

193 Mass. 400. *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322, 327. *Marcy* v. *Shelburne Falls & Colrain Street Railway,* 210 Mass. 197, 199. *Freeman's Case,* 233 Mass. 287, 291.

It follows from all that has been said that the demurrer was overruled rightly.

*Decree affirmed with costs.*