ANTHONY J. MORRIS, administrator, *vs.* J. CLIFFORD SHERMAN.

Bristol.     October 25, 1926. — November 24, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions: waiver.

An exception, saved by a defendant at a trial to the exclusion of a hospital record offered in evidence, is waived if later in the trial, after the introduction of some testimony by a witness for the plaintiff pertinent to the inquiry being made when the record first was offered, the plaintiff's counsel asked the defendant's counsel whether he wanted the record "to go in now" and the defendant's counsel answered, "No."

TORT for causing the death of Theresa Morris, the plaintiff's intestate, following personal injuries received on June 23, 1921. Writ dated March 28, 1923.

In the Superior Court, the action was tried before *Brown,* J., with an action for personal injuries begun by the intestate on October 7, 1921, and, after her death, prosecuted by the plaintiff, in which there was a verdict for the plaintiff in the sum of $7,000. The only exception saved by the defendant in the action for causing death is described in the opinion. There was a verdict for the plaintiff in that action in the sum of $6,650. The defendant alleged exceptions.

*H. S. R. Buffinton,* for the defendant.

*D. R. Radovsky,* (*H. W. Radovsky* with him,) for the plaintiff.

SANDERSON, J. The intestate was injured in an automobile accident June 23, 1921, and died October 7, 1922. The verdict for the plaintiff was warranted by the evidence. One of the issues was, whether a cancer, for which a surgical oper-

ation was performed upon her in August, 1921, and which resulted in her death, was either caused or aggravated by the accident. The operating surgeon, Dr. Creamer of Fall River, identified a hospital record relating to the plaintiff's intestate while she was a patient in St. Anne's Hospital, Fall River, at the time of the operation. This was offered by the defendant and admitted in evidence without objection. Apparently there was some confusion in the records of that hospital. The witness testified that there were two records bearing the name Theresa Morris, with dates of operation and some other details substantially alike, and with some of the entries on each in the handwriting of the witness. His explanation was, either that some one by mistake had put the name Theresa Morris in one of them, or that there were two persons in the hospital with that name. The record admitted referred to a Theresa Morris of Fall River; and it appeared from the answers of the witness that the other record referred to a Theresa Morris of Taunton; and in the latter record Dr. McGraw of that city was mentioned, while the record in the case of Morris from Fall River did not refer to Dr. McGraw. There was evidence that the copy of the record, offered by the defendant while the Fall River doctor was testifying, was a copy of a record in that hospital. Upon objection of the plaintiff this record was excluded, not because a copy was offered, but on the ground that the witness had said that the original was not the record relating to the plaintiff's intestate. The defendant's exception to the exclusion of this evidence is the only question argued.

Later in the trial the plaintiff called Dr. McGraw of Taunton, who testified that he was the only doctor with that name in Taunton and that he never had as a patient Theresa Morris of Fall River. Counsel for the plaintiff then asked counsel for the defendant if he had the copy of the St. Anne's Hospital record that he wanted to introduce. The reply was, "Yes — but it didn't go in." Then counsel for the plaintiff asked, "Do you want it to go in now?" And counsel for the defendant said "No. You objected to it very strenuously." Counsel for the plaintiff then said "It had no place yesterday, but it has now," to which

counsel for the defendant replied "You shift and shift."
The plaintiff's counsel then said "You don't want it to go
in now. In other words you didn't know Dr. McGraw
was going to be here." When counsel for the defendant
stated in open court that he did not want the testimony
previously offered by him to go in, his exception to the ex-
clusion of this evidence should be treated as waived. This
statement of counsel in itself was a waiver. See *Roberts* v.
*Boston*, 149 Mass. 346; *O'Brien* v. *Boston Elevated Railway*,
214 Mass. 277.

*Exceptions overruled.*