. DAVID A. HANCOCK & another *vs.* CORA E. WINN.

CORA E. WINN *vs.* DAVID A. HANCOCK & another.

Essex.     November 28, 1927.— April 3, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Competency, Relevancy and materiality.   *Witness,* Credibility,
    Cross-examination.   *Practice, Civil,* Exceptions.   *Contract,* Building
    contract.

At the trial of an action of contract to recover for work done by the plaintiff
    under a building contract with the defendant, after an architect called
    by the defendant had testified on cross-examination that the agreement
    between him and the defendant was for a "lump sum" instead of a
    percentage of the cost of the building, the witness was allowed to answer,
    "$500," to a question, "How much was that?"   The judge, in admit-
    ting the testimony, told the jury that they might consider it only as
    affecting the credibility of the witness.   *Held,* that
        (1) The evidence was competent for the purpose for which it was
    admitted;
        (2) The extent of the cross-examination of the witness to test his
    veracity and credibility was within the discretion of the judge.
Where, at the trial of an action of contract, the defendant excepted to the
    exclusion of certain evidence as to the rental value of property, and the
    judge later allowed another witness to testify as to such value, it was
    the duty of the defendant to call the first witness again if he still desired
    to offer his testimony; his failure to do so was a waiver of the exception.
A building contract provided in part: "All piping to be new, standard
    quality wrought iron, and of ample size to perform the service, and
    insure noiseless circulation.   All work is to be done in a . . . workman-
    like manner, and to the satisfaction and under the supervision of the
    State Heating Inspector and the architect."   At the trial of an action
    of contract against the builder for an alleged breach of the contract, the
    judge excluded a question asked by the plaintiff, whether the witness
    would consider that a certain pipe in the basement connected with the
    boiler was "a proper equipment for a good steam plant."   No offer of
    proof was made as to what the answer of the witness would be.   *Held,*
    that
        (1) If the pipe installed complied with the contract, it was immaterial
    whether or not it was proper equipment for a good steam plant;
        (2) The exclusion of the question was not erroneous.

CROSS ACTIONS OF CONTRACT.   Writs dated, respectively,
July 8, 1924, and September 13, 1924.

In the Superior Court, the actions were tried together before *Cox*, J. There was a verdict for the plaintiffs in the first action in the sum of $2,367.83, and for the plaintiff in the second action in the sum of $1. Certain exceptions, by the defendant in the first action and plaintiff in the second action, to the admission and exclusion of evidence are described in the opinion.

*F. G. Cook*, for Winn.

*J. P. Kane*, for Hancock, and another.

CROSBY, J. The plaintiffs in the first action, members of a partnership, hereinafter referred to as the plaintiffs, entered into a written contract with Cora E. Winn, hereinafter referred to as the defendant, by the terms of which the defendant undertook to construct a three-story building containing stores, bowling alleys and apartments. Through her husband, acting as her agent, she performed or directed the carpenter work on the building, and let to other parties different portions of the work. The plumbing, steam heating and roofing of the building were performed by the plaintiffs.

The first action is brought to recover the last two payments provided for in the contract which, it is alleged, has been fully performed; and also to recover upon an account annexed for extra work and for materials furnished. The second action is brought by the defendant in the first action against the plaintiffs in that action for an alleged breach of contract, including failure to perform within a reasonable time. The actions were tried together, and are before this court on three exceptions saved by the defendant: one to the admission, and two to the exclusion, of evidence.

1. The architect, one Petzold, called by the defendant, testified on cross-examination that, instead of charging a certain percentage of the cost of the building, the agreement between him and the defendant's husband was for a "lump sum." He was then asked: "How much was that?" The question was admitted subject to the defendant's exception. The answer was "$500." He further testified, on cross-examination, in substance that of that sum $50 was due him. In admitting this testimony the trial judge told the jury, in

effect, that it might be considered by them only as affecting the credibility of the witness. The evidence was competent for the purpose for which it was admitted. Besides, the extent of the cross-examination of the witness to test his veracity and credibility was within the discretion of the judge. *Jennings* v. *Rooney*, 183 Mass. 577. *Commonwealth* v. *Sacco*, 255 Mass. 369, 439.

2. The defendant's husband was called as a witness by her and was asked on direct examination as to the fair rental value of the bowling alley in February, 1923. This evidence was excluded subject to the defendant's exception. If it be assumed that the witness as the defendant's agent was entitled to answer this question, and that the evidence was admissible to show the loss incurred by the defendant by reason of delay in the performance of the contract, it appears that at a later stage of the trial one Ewart, a witness called by the defendant, was asked in his direct examination as to the rental value of the property; the judge then ruled in substance that the defendant could show what such rental value amounted to. This ruling was correct. If the defendant desired to offer the testimony of the defendant's husband as to the rental value, it was her duty to call him again in view of the later ruling admitting evidence upon the question. Her failure to do so was a waiver of the exception. See *Morris* v. *Sherman*, 257 Mass. 554.

3. One Weiss, a witness called by the defendant, on direct examination was asked if he would consider that a certain pipe in the basement connected with the boiler was "a proper equipment for a good steam plant." This question was excluded and the defendant excepted. The contract, taken in connection with the specifications which are therein referred to, provides, in part, that "All piping to be new, standard quality wrought iron, and of ample size to perform the service, and insure noiseless circulation. . . . All work is to be done in a . . . workmanlike manner, and to the satisfaction and under the supervision of the State Heating Inspector and the architect." The contract in this respect is expressed in clear, unambiguous language, and there is no evidence to show that the defendant was misled or deceived

as to its terms; accordingly she was bound thereby. If the pipe installed complied with the contract, it was immaterial whether it was or was not proper equipment for a good steam plant, and the trial judge so ruled. *Clark* v. *Boston,* 179 Mass. 409. *Dzuris* v. *Pierce,* 216 Mass. 132, 135. *Porter* v. *Spring,* 250 Mass. 83, 86. The issue upon this branch of the case is not whether the pipe placed in the basement was a proper equipment for a good steam plant, but whether it complied with the terms of the contract; if it did, it was sufficient. Besides, no offer of proof was made as to what the answer of the witness would be. The exclusion of the question was not erroneous.

The exceptions in both cases are overruled.

*So ordered.*