CATHERINE L. HURLEY *vs.* WILLIAM J. ST. MARTIN & another.

Bristol.    January 12, 1933. — June 28, 1933.

Present: RUGG, C.J., WAIT, DONAHUE, & LUMMUS, JJ.

*Probate Court*, Adoption. *Supreme Judicial Court*, Petition for leave to appeal from decree of adoption. *Evidence*, Presumptions and burden of proof.

In a petition to the Supreme Judicial Court by a parent under G. L. (Ter. Ed.) c. 210, § 11, for leave to appeal from a decree of a probate court in proceedings for the adoption of his child, the burden is on

the petitioner to prove that he brought the petition within one year after he had actual notice of the decree.

Where a master, to whom was referred such a petition by a woman who had surrendered her illegitimate child to a charitable institution for the purpose of enabling it to procure the adoption of the child, stated in his report that he was not satisfied and was unable to find that the petitioner "never knew of or was ignorant of the pendency" of proceedings in a probate court for adoption of the child, in which a decree of adoption was entered about sixteen months before such petition was filed, it was *held*, that

(1) The petitioner had failed to sustain the burden of proving that she had sought leave to appeal from the decree within one year after she had actual notice thereof;

(2) The Supreme Judicial Court had no power to grant the petition in the circumstances.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on May 2, 1927, described in the opinion.

The petition was referred to a master. Material findings by him are stated in the opinion. By order of *Pierce*, J., there were entered an interlocutory decree confirming the master's report and a final decree denying the petition. The petitioner appealed from both decrees.

The case was submitted on briefs.

*J. H. Kenney*, for the petitioner.

*W. A. Bellamy*, for the respondents.

RUGG, C.J. This is a petition praying for leave to appeal from a decree of a probate court, whereby the respondents were made parents by adoption of a natural child of the petitioner. The case was referred to a master under an order, in the usual form, to hear the parties and their evidence, to find the facts and make report. The evidence is not reported.

The familiar practice in these conditions is that the findings of the master must be accepted as true, since they are not inconsistent with each other, or plainly wrong in view of incontrovertible facts.

The essential facts thus displayed are that the petitioner, a single woman and resident of Boston, gave birth to a female child on December 16, 1918, at St. Mary's Infant Asylum and Lying-in Hospital, an incorporated charitable institution hereafter called St. Mary's Asylum. The pe-

titioner on August 3, 1920, signed an instrument entitled "Agreement for Adoption" whereby she surrendered her child to St. Mary's Asylum for the purpose of enabling it to procure a suitable home and adoption for the child, and agreeing not to attempt to discover her home, or to remove her, or to molest the family. This instrument was witnessed by the mother of the petitioner. Although the petitioner testified that she did not read or know the substance and effect of this instrument, the master found that she was an intelligent person and fully understood and appreciated its words and nature, and signed it intending to authorize St. Mary's Asylum to consent to any adoption of the child approved by it. No misrepresentation or concealment was practised on her by any officer or person in behalf of St. Mary's Asylum touching the instrument or the subsequent proceedings in Maine concerning the child. The master received in evidence, subject to exception by the petitioner, an authenticated copy of a record of a probate court of Maine reciting a decree of adoption of the child on January 11, 1921, by Frank N. and Grace F. Rancourt, husband and wife. It was recited in their petition for adoption that the residence of the mother of the child was unknown and could not be ascertained, and there was attached to their petition copy of the instrument of August 3, 1920, signed by the mother of the child (the present petitioner), entitled "Agreement for Adoption." The St. Mary's Asylum consented to this adoption. Thereafter the adopting mother died. The petitioner did not know in fact and had no actual notice of the Maine adoption prior to the service of the citation on the petition for adoption in this Commonwealth by the respondents. On October 24, 1925, the respondents petitioned the Probate Court for Bristol County for adoption of the child of the petitioner. Decree of adoption was entered reciting the surrender of the child by her mother, the present petitioner, to the St. Mary's Asylum for adoption, notice to that institution and assent in writing by Frank N. Rancourt, surviving adopting parent of the child, and hearing. This petition was opposed by counsel representing the St. Mary's Asylum, but decree

of adoption pursuant to the petition was granted on December 31, 1925. Appeals taken from that decree were subsequently dismissed and the decree was affirmed. In October, 1925, one Hayes, for many years an agent for the St. Mary's Asylum, acting under a decree of a probate court for another county appointing him guardian with custody of the child, took her from school in Taunton and placed her in an orphan asylum where she remained until May, 1926, when by virtue of habeas corpus proceedings she was returned to the respondents. During the pendency of the adoption proceedings in Maine and while the child was at the orphan asylum, Hayes could have discovered and notified the petitioner of the pendency of such proceedings but did not do so because it was not customary for the St. Mary's Asylum to do so.

The petitioner filed exceptions to the master's report and appealed from the interlocutory decree overruling those exceptions and confirming the master's report and from the final decree denying the petition.

The case must be considered on the footing that the petitioner voluntarily, intelligently and intentionally signed the instrument surrendering her child to the St. Mary's Asylum for the purpose of enabling it to procure her adoption. That is the explicit finding of the master. Moreover, even if she had not read the instrument, having admittedly signed it, she would be bound by it. *Clark* v. *Boston,* 179 Mass. 409, 412. *Porter* v. *Spring,* 250 Mass. 83, 86.

The decree of the Maine court, duly authenticated, must be accepted as valid on its face. It constituted Mr. and Mrs. Rancourt the adopting parents. The finding is express to the effect that the adoption was assented to by St. Mary's Asylum. To it the petitioner had by explicit words in writing delegated all her authority over the child for the declared purpose of enabling it to find a suitable home for the child with a good family and to procure her adoption. Its consent in the circumstances shown was, or might have been found by the Maine court to be, the consent of the petitioner. There is no force in the contention that the

statement was untrue in the petition for adoption in the Maine court to the effect that the residence of the mother of the child was unknown. There is every presumption that such statement signed by Mr. and Mrs. Rancourt was true so far as they knew. It does not appear that they had any communication with Hayes or that he told them, or would have been willing to tell them, who was the mother of the child or where she lived. Nothing in Rev. Sts. of Maine (1916) c. 72, § 36, in *Cummings, appellant,* 127 Maine, 418, or in *Taber* v. *Douglass,* 101 Maine, 363, is at variance with this conclusion. No error by the master in dealing with the evidence, record and effect of the proceedings in the Maine court, is disclosed on this record.

The present petition is brought under G. L. (Ter. Ed.) c. 210, § 11. So far as material to the facts of the case at bar, that section provides that "The supreme judicial court may allow a parent, who, upon a petition for adoption, had no personal notice of the proceedings before the decree, to appeal therefrom within one year after actual notice thereof." This petition was filed on May 2, 1927, and the decree from which the petitioner seeks to appeal was entered on December 31, 1925. There was no proof of personal notice to the petitioner of the proceedings before the entry of the decree. It was therefore essential for the petitioner to prove that she brought this petition within one year after she had actual notice of the decree. The burden of establishing this fact by a preponderance of the evidence rested on the petitioner. On this point the master reports that he was not satisfied and was unable to find that the petitioner "never knew of or was ignorant of the pendency or filing of the petition for adoption, filed by the respondents" in Bristol County or of the proceedings resulting therefrom. It appears that the master discredited in considerable part the testimony of the petitioner and her mother. He saw them on the witness stand. His conclusion on this question of fact must stand. It is manifest that the petitioner has failed to sustain the burden of proof resting upon her on this vital part of her case. In the absence of such proof, the court has no power to grant her petition.

The result is that the petitioner failed to show that she sought permission to appeal from the decree of adoption "within one year after actual notice thereof." Therefore she cannot prevail. It becomes unnecessary to consider other points argued.

*Interlocutory and final decrees affirmed.*