Rockingham,
No. 4439.

WALTER L. CRAWFORD, *Ex'r v.* IRVING WIDETT, *Conservator.*

Argued  February  7,  1956.

Decided  March  6,  1956.

116

*Grinnell & Grinnell* (*Mr. George H. Grinnell* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* and *Lawrence E. Spellman* (*Mr. Spellman* orally), for the defendant.

Kenison, C. J. The sole question presented by this appeal is whether a conservator appointed under the laws of the State of New Hampshire may, for his ward, make a valid election to waive the provisions made for her in her husband's will and to take for her the distributive share of his estate allowed by law. The powers conferred upon conservators are defined in the following statutes:

"RSA 464:17. Appointment for Persons Incapable of Managing Own Affairs. Whenever any person shall deem himself unfitted by reason of infirmities of age, or by other mental or physical disability, for the management of his affairs with prudence and understanding, he may apply to the probate court for the appointment of a conservator of his property, and thereupon the judge of probate may, without notice or public hearing, appoint some suitable person as a conservator for him."

"RSA 464:18. Bond; Notice, etc. Such conservator shall give bond to the judge of probate, with sufficient sureties, give notice of his appointment as guardians are required to do, and be subject to all provisions of law now in force as to guardians, so far as they apply to estates of their wards."

In *Page* v. *Library*, 69 N. H. 575, it was decided that the right to elect conferred upon a wife who "was unconscious at the time of her husband's death, and died in a few hours thereafter without regaining consciousness" could not be exercised by her heirs or representatives. It was held that the case was similar to a situation of an insane widow whose right was personal and did not

descend to her representatives. At the very next session of the Legislature following this decision a statute was enacted (Laws 1901, *c.* 6) specifically allowing the guardian of an insane person to waive the provisions of a will in favor of his ward. *Wentworth v. Waldron,* 86 N. H. 559, 562. This statute, except for a change in the language using the words mentally incompetent rather than insane, is the same today. RSA 464:3. While the right of a widow to waive the provisions of her husband's will in her favor is personal in the sense that it cannot be exercised by her personal representatives (*Gowing v. Laing,* 96 N. H. 364), it is clear that the right may be exercised in behalf of the widow by a guardian, whose actions may be reviewed by a court. *Hogan v. Roche,* 95 N. H. 368. It is urged that the authority which a guardian has, by virtue of both statute and decision, to exercise the personal right of election for his ward is confined to guardians and cannot be exercised by conservators. This question has not heretofore been decided in this state.

The provisions of RSA 464:18 contain no affirmative grant of express powers but merely provide that a conservator shall "be subject to all provisions of law now in force as to guardians, so far as they apply to estates of their wards." While it is true that a conservator has no custody or control of the person (*Oullette v. Ledoux,* 92 N. H. 302), the person under conservatorship generally can make no valid contract without the conservator's approval. *Normandin v. Kimball,* 92 N. H. 62. A conservatorship is frequently referred to as a voluntary guardianship. N. Y. Law Revision Commission Report (1953) 601, 618. In *Appeal of Hogan,* 135 Me. 249, 251, it was said that a conservatorship proceeding was "a voluntary application for a guardian with limited powers, dignified under the law by another name." Here, as in Maine and Massachusetts, a conservator is required to give bond, is subject to the control of the court and all provisions of law relating to the management of estates by guardians apply with equal force to a conservator. The rule which formerly existed in Massachusetts that a conservator had no right to waive provisions of a will for his ward (*Jones v. Maguire,* 221 Mass. 315) no longer applies. *Hanchett v. Hill,* 316 Mass. 673; Newhall, Settlement of Estates (3d *ed.*) *s.* 176.

It is urged that the provisions of RSA 464:18 making conservators "subject to" all the provisions of law relating to guardians does not mean that both are subject to the same provisions so far

as they relate to the estates of their wards. We think this contention is unsound. Conservators were originally called guardians (Laws 1899, c. 35, ss. 1, 2) and the legislative history of the conservator statute takes on meaning and force only to the extent that a conservator has the same powers and obligations as a guardian in so far as they relate to the property of the ward. The legislative policy in favor of allowing persons of advanced age or other persons with other disabilities and infirmities to be taken care of by a competent person of their choice should be given full effect. This legislative policy was intended to apply to all financial decisions regardless of their relative importance. We have no doubt that the statute allows a widow to place her property in conservatorship and permits the conservator to make a beneficial election on her behalf. There are no reasons of policy which militate against this view and it is consistent with the legislative history of the conservatorship law in this state.

Accordingly the waiver by the conservator was valid and the order is

*Remanded.*

All concurred.