ADOPTION OF ALEX
(and a companion case).[1]

Essex. September 6, 1990. - November 8, 1990.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Appeal, Moot case. *Adoption*, Revocation. *Paternity. Moot Question.*

Even if it be assumed that an order of a single justice of this court denying a petition for leave to appeal a judgment of adoption under G. L. c. 210, § 11, was subject to appellate review, a party's failure to appeal the order in timely fashion rendered the judgment final and not appealable. [525]

A Probate Court judge did not err in dismissing the petition of the putative father of a child born out of wedlock to revoke the judgment of adoption awarded the child's mother and her husband where, once a single justice of this court had denied the putative father's petition for leave to appeal the judgment of adoption under G. L. c. 210, § 11, the Probate Court judge could no longer revoke the adoption; nor did the judge err by dismissing the putative father's complaint to establish paternity, where the issue of paternity had been rendered moot by the judge's signing the adoption order terminating the putative father's "rights, duties and legal consequences" in accordance with G. L. c. 210, § 6, and by the single justice's denying his petition for leave to appeal from the judgment of adoption. [525-526]

PETITION filed in the Essex Division of the Probate and Family Court Department on October 28, 1987.

CIVIL ACTION commenced in the Essex Division of the Probate and Family Court Department on June 1, 1988.

The cases were heard by *William Highgas, Jr.*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*John A. Moos* for the putative father.

---

[1] This court allowed the Attorney General's motion to intervene.

*George P. Lordan, Jr.*, for the mother.

*Jon Laramore*, Assistant Attorney General, for the intervener.

LIACOS, C.J. The putative father of a child born out of wedlock appeals from the dismissal by a judge in the Probate and Family Court Department of his paternity complaint and of his petition to revoke the adoption by the child's mother and her husband. The appeals were consolidated in the Appeals Court for the purposes of briefing and oral argument. This court granted direct appellate review. The father also seeks to appeal the order of a single justice of this court, denying a petition for leave to appeal the judgment of adoption pursuant to G. L. c. 210, § 11 (1988 ed.).

The putative father and the mother met in 1978 and resided together from June, 1979, until December, 1984.[2] In May, 1980, the child was born. In December, 1984, the parties separated. After the separation, the child lived with the mother. In February, 1987, the mother married her present husband, and in September, 1987, they commenced adoption and change of name proceedings in the Essex County Probate and Family Court.[3]

---

[2]The Probate and Family Court judge did not make factual findings. We state the facts as alleged by the appellant.

[3]The Probate and Family Court judge ordered the appellee to notify the appellant of the adoption proceedings. The order stated that, if the appellant could not be found, a notice of the adoption should be published in the local newspaper once a week for three consecutive weeks. The appellee did not serve notice on the appellant, and he claims he did not see the notice published in the newspaper. The appellant alleges that the appellee knew several members of his family and that she easily could have served notice on him. The appellant also argues that the appellee committed fraud when, during the adoption proceedings, she successfully waived an investigation by the Department of Social Services, by asserting that she did not know the whereabouts of the appellant. The appellant seems to suggest in his brief that the appellee's alleged fraud tainted the adoption proceedings. However, no explicit allegations of fraud were included in the pleadings before the single justice or the probate judge. The single justice found no fraud; the probate judge made no findings. If appellant wished properly to raise the claim of fraud, we note that his relief is governed by Mass. R. Dom. Rel. P. 60 (b)(3) (1990). The rule states that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final

The adoption decree was signed on March 2, 1988. The appellant claims he did not learn of the adoption until June, 1988, almost one month after he filed a paternity complaint with the Probate and Family Court. Counsel for the appellant, in his brief (and during oral argument), states that the probate judge granted the appellant's request for a report to the Appeals Court for a determination of the constitutionality of G. L. c. 210, § 2 (1988 ed.).[4] However, there is no indication in the record that the request was granted by the probate judge.[5]

In March, 1989, the appellant filed with the Supreme Judicial Court for the county of Suffolk a petition for leave to appeal from the judgment of adoption pursuant to G. L. c. 210, § 11. On June 2, 1989, a single justice denied the appellant's petition for leave to appeal from the judgment of adoption.[6] The appellant did not appeal the single justice's order. On December 29, 1989, the probate judge dismissed the appellant's complaint for paternity and his petition to re-

judgment, order, or proceedings for . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." There is no indication from the record that the appellant filed a motion for relief as required by rule 60 (b).

[4] "A decree of adoption shall not be made . . . without the written consent . . . of the lawful parents . . . or of the mother only if the child was born out of wedlock and not previously adopted." G. L. c. 210, § 2. The father of a child born out of wedlock must be notified of the adoption proceedings *if he files a "parental responsibility claim, or [if he] has been adjudicated the father of the child"* (emphasis supplied). G. L. c. 210, § 4A (1988 ed.). The appellant did not meet the conditions of G. L. c. 210, § 4A. This statutory scheme, the appellant argues, violates his due process and equal protection rights under the Federal Constitution and the Massachusetts Declaration of Rights; the single justice reached the opposite conclusion.

[5] The Probate and Family Court apparently held a hearing on the issue of the report. However, there is nothing in the record to indicate that the request for the report was granted.

[6] The single justice, apparently relying on counsel's assertions, stated in his memorandum of decision that, "[o]n March 22, 1989, a judge granted the petitioner's request for a report to the Appeals Court for determination of the constitutionality of G. L. c. 210, § 2." See note 5, *supra*.

voke the judgment of adoption, and denied appellant's various related motions.

1. The appellant argues that the single justice erred in denying his petition for leave to appeal the judgment of adoption. Even if we assume that such a ruling is subject to appellate review, see *Leaster* v. *Commonwealth*, 385 Mass. 547, 549-550 (1982) (denial of leave to appeal under G. L. c. 278, § 33E, is not appealable), appellant did not appeal the single justice's order, as he would be required to do under Mass. R. A. P. 3 (a), as amended, 378 Mass. 927 (1979), and Mass. R. A. P. 4 (a), as amended, 395 Mass. 1110 (1985). Therefore, the order of the single justice is final. See *Kellermann* v. *Kellermann*, 390 Mass. 1007, 1008 (1984) (failure to appeal in timely fashion renders judgment final and not appealable).[7]

2. The appellant, in his brief before this court, argues that G. L. c. 210, § 2, and G. L. c. 210, § 4A, are unconstitutional. The appellant, however, did not pursue his original request of a report to the Appeals Court on the issue of the constitutionality of G. L. c. 210, § 2. Nor do we feel his appeal from denial of his postadoption visitation rights, the appointment of a guardian ad litem, and the denial of the motion to amend his paternity complaint raise properly his claims of denial of due process or equal protection of the laws. Thus, we do not address the constitutionality of the statute.

3. Finally, appellant argues that the Probate and Family Court erred in dismissing his complaint for paternity and his petition to revoke the judgment of adoption. As to the latter, the probate judge did not err since, once the single justice

[7]The appellant argues that he sought interlocutory relief from the single justice under G. L. c. 211, § 3 (1988 ed.), and that, since the single justice denied his petition, the proceedings were still at an interlocutory stage. The appellant concludes that he did not have the right to immediate appellate review. See, e.g., *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass. 167 (1977). The record clearly indicates, however, that the appellant filed a petition for leave to appeal from the judgment of adoption solely pursuant to G. L. c. 210, § 11, and that the single justice denied the petition pursuant to that statute only.

denied appellant's petition for leave to appeal the judgment of adoption under G. L. c. 210, § 11, he could no longer seek to revoke the adoption. Cf. *Hurley* v. *St. Martin*, 283 Mass. 415 (1933). The judge did not commit error by dismissing the complaint to establish paternity since, once the adoption decree is signed, "all rights, duties and other legal consequences of the natural relation of child and parent . . . shall, except as regards marriage, incest or cohabitation, terminate between the child so adopted and his natural parents." G. L. c. 210, § 6 (1988 ed.). See *Bottoms* v. *Carlz*, 310 Mass. 29, 33 (1941). See also *Bezio* v. *Patenaude*, 381 Mass. 563, 576 n.9 (1980). Since appellant's "rights, duties and legal consequences" were terminated when the adoption order was signed by the probate judge, and since the single justice denied the appellant's petition for leave to appeal from the judgment of adoption, it is legally irrelevant whether the appellant is in fact the child's father. In other words, the issue of paternity is moot.[8] Courts ordinarily do not decide moot controversies. See *Monteiro* v. *Selectmen of Falmouth*, 328 Mass. 391 (1952); *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543, 546 (1919). The dismissals by the Probate and Family Court are affirmed.

*So ordered.*

---

[8]The appellant also argues that the probate judge erred in: (1) denying his motion to amend the paternity complaint seeking to add the right of visitation; (2) denying his motion to appoint a guardian ad litem, and (3) granting appellee's motion for a protective order concerning appellant's notice of her deposition. The issues raised by these rulings also became moot once the single justice denied the appellant's motion for leave to appeal the judgment of adoption.