ARNOLD W. CONANT & others *vs.* JOSEPH J. PERKINS & others.

A. and B. were partners; and B. was a minor. Both of them knowing that the firm was insolvent, B. sold his interest in its property to A., who soon filed a petition for the benefit of the insolvent law individually and as a member of the firm. An assignment of the estate in insolvency was made, and certain creditors proved claims, with the understanding, and by a direction of the judge of insolvency, that the question whether they should be allowed against the estate of the firm, or A.'s separate estate, should be reserved for future determination. Pending these proceedings, B. became of age; and thereupon these creditors brought actions at law against A. and B. upon the same claims, and B. pleaded his infancy in defence. Pending the actions, the judge of insolvency, upon a petition of the assignees presented before the actions were brought, decreed, after hearing all parties in interest, that the funds in the hands of the assignees, including those derived from B.'s sale to A., were A.'s separate estate, and that the claims of the said creditors were provable only against the estate of the firm. No appeal was taken from the decree, and, with knowledge of it, these creditors, in their actions at law, discontinued against B. because of his defence, and recovered judgments against A. *Held,* that a bill in equity filed by them more than a year after the recovery of the judgments, for a revisal of the decree of the judge of insolvency both as to marshalling the assets and determining against which estate their claims should be allowed, was filed too late.

GRAY, J.   This proceeding, though somewhat irregular in form, is in substance and effect a bill in equity by creditors against the assignees of an insolvent debtor, addressed to this court in the exercise of its supervisory jurisdiction in equity over proceedings in insolvency, under the Gen. Sts. *c.* 118, § 16.

The facts material to the decision, as they appear from the bill, the report of the justice of this court by whom the case was heard, and the records of the court of insolvency which are made part thereof, are as follows :

In August 1862 Thomas J. Buffum, a minor, and John M. Elliott being partners in trade, and being insolvent, as both of them knew, Buffum sold his interest in the partnership property to Elliott, and received in payment therefor promissory notes payable to the order of his father, and delivered them to him.

In September 1862 Elliott filed his petition for the benefit of the insolvent law, representing himself to be insolvent, individually and as a member of the firm ; a warrant in insolvency was issued to take possession of his estate ; and, after due proceedings,

assignees were appointed and an assignment made to them; and the plaintiffs and other creditors proved their claims, with an understanding and agreement, and by the direction of the judge, that the question whether the claims should be proved against the joint estate of Buffum & Elliott or the separate estate of Elliott should be reserved for future hearing and adjudication.

In March 1863 the assignees rendered their first account; and presented to the judge of insolvency a petition, stating the amounts of the debts proved and of the funds in their hands, and facts tending to show that the sale from Buffum to Elliott was an unlawful preference; and submitting to his consideration whether that sale was invalid on account of Buffum's minority, whether it did or did not convert the partnership property into the separate estate of Elliott, and whether the debts contracted in the name of the firm, but not binding on Buffum by reason of his minority, were or were not the debts of Elliott provable against his separate estate.

The judge of insolvency, after hearing all parties interested, decreed that the funds in the hands of the assignees belonged to the separate estate of Elliott and should be accounted for as such; that the claims of the plaintiffs and certain other creditors were provable against the estate of Buffum & Elliott and not against the separate estate of Elliott, and the rest of the claims against the separate and not against the joint estate. This decree was dated and filed, and known to the creditors and the assignees, on January 31, 1865, and no appeal from it was taken by any party.

In November 1863 Buffum became of age. In December 1864 the plaintiffs and the other creditors whose claims had been thus proved and allowed against the joint estate, brought actions at law thereon in the superior court against Buffum and Elliott, in each of which Buffum pleaded infancy, and the plaintiffs at April term 1865 of that court discontinued against him for that cause, and recovered judgment against Elliott.

The plaintiffs filed the present bill in October 1866, alleging that the sale by Buffum to Elliott was an unlawful preference and void, and praying that the orders and decrees of the judge of insolvency might be revised, and that the claims of the plaintiffs

and others, which had been adjudged to be provable against the joint estate only, might be ordered to stand proved against the separate estate, and the funds in the hands of the assignee be distributed *pro rata* among all the creditors, or, in case these claims should be found by this court to be provable against the joint estate, that portion of the assets which belonged to the firm might be distributed *pro rata* among those creditors whose claims were upon contracts made with the firm.

Such being the facts, we are of opinion that the bill cannot be maintained in either of its aspects. It was the duty of the judge of insolvency to marshal the assets between the joint and separate estates, and to determine against which estate each claim should be allowed. Gen. Sts. *c.* 118, §§ 108, 109. At the time of the formal proof of the claims, the determination of this question was expressly reserved, and until it had been made the decree as to the proof of the claims was not complete in this respect. From so much of the decree of the judge of insolvency as marshalled the assets, no appeal would indeed lie, and the only remedy of any party aggrieved was by application to this court in equity under the Gen. Sts. *c.* 118, § 16. *Purple* v. *Cooke,* 4 Gray, 120. *Harmon* v. *Clark,* 13 Gray, 114. But the proper remedy of any party aggrieved by the final allowance or disallowance of any claim against either estate was by appeal within ten days to the superior court under the Gen. Sts. *c.* 118, § 34. *Ex parte Weston,* 12 Met. 1. *Fuller* v. *Hooper,* 3 Gray, 334. *Catskill Bank* v. *Hooper,* 5 Gray, 574. *Wild* v. *Dean,* 3 Allen, 579. Assuming however that the question against which estate the plaintiffs' claim should be proved, as well as that concerning the marshalling of the assets, was within the supervisory chancery jurisdiction of this court, the case stands thus : The plaintiffs brought their actions against Buffum and Elliott jointly, while the question whether it should be proved against the joint estate of Buffum & Elliott or against the separate estate of Elliott was still undecided by the judge of insolvency, and prosecuted those actions after they knew that he had allowed their claim against the joint estate only ; and after Buffum had pleaded his infancy and thereby avoided his liability, and they had by reason thereof

discontinued as against him and taken judgements against Elliott alone, they waited more than a year longer before applying to this court to revise the order of the judge of insolvency in either particular. The general rule is, that any bill in equity to correct a mistake in a judgment or award must, by analogy to the statutes regulating appeals and reviews, be filed within a year after the decision complained of, or, at the latest, within a year after discovering the mistake. Gen. Sts. *c.* 113, § 13; *c.* 117, § 12; *c.* 146, §§ 20, 21. *Plymouth* v. *Russell Mills*, 7 Allen, 438, 445. *Evans* v. *Bacon*, 99 Mass. 219. No special circumstances are shown to take this case out of the general rule; and the reasons for adhering to it apply with peculiar force in suits concerning the settlement of estates of insolvent debtors.

*Bill dismissed, with costs.*

*B. F. Brooks*, for the plaintiffs.

*W. A. Field & C. G. Keyes*, for the defendants.