ANDREW J. MacDONALD, administrator, *vs.* FRANCIS A. MacDONALD & others.

Suffolk.   November 13, 1934. — June 26, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Executor and Administrator*, Distribution.  *Release*.  *Evidence*, Relevancy. *Probate Court*, Petition for instructions, Appeal.

A sealed release to the administrator of an estate of one's distributive share therein, found to have been given without consideration and without intent that it should be effective and made only to further a fraud on the releasor's wife, was a nullity and the administrator rightly was instructed to disregard it and to distribute the releasor's share to him.

The final account of an administrator, filed but not acted on and showing distribution to all the next of kin of the intestate, was relevant upon the issue whether a purported release by one of the next of kin to the administrator of the releasor's distributive share was intended by the parties to be effective.

An administrator petitioning for instructions as to the distribution of the estate in his hands was not a party aggrieved by the decree entered on the petition and was not entitled to appeal therefrom.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on November 8, 1933, against Francis A. MacDonald, Clarence A. MacDonald and Andrew J. MacDonald.

The petition was heard by *Poland, J.,* by whose order a decree instructing the administrator to distribute the estate equally among the next of kin was entered. Andrew J. MacDonald, both as petitioner and as respondent, and the respondent Clarence A. MacDonald, appealed.

*M. A. Scanlon,* for the petitioner.

*J. J. Cox,* for the respondent Andrew J. MacDonald and another.

*C. R. Smith,* for the respondent Francis A. MacDonald.

RUGG, C.J. The petitioner as administrator asks instructions as to the effect upon the distribution of the estate in his hands of an instrument, in form a release of all ·demands, executed by one heir at law of the intestate. The estate is ready for distribution. No question of pleading or jurisdiction was raised in the trial court. The case was heard upon oral testimony and the evidence has been reported in full. There is a report of the findings of material facts and rulings of law by the trial judge.

The parties are the petitioner and his two brothers, one named Clarence and the other named Francis, who are sons and the only heirs at law of the intestate. Francis asserts that he is entitled to his distributive share in the estate. The petitioner as an individual and Clarence deny the right of Francis to participate in the distribution. The material facts are these: Francis had been away from the Commonwealth for some years on account of trouble with his wife, who had obtained a decree against him for money payments in a separate support proceeding in this Commonwealth. He was not complying with the terms of that decree. After the death of the intestate the wife commenced action against her husband to collect arrears due under the decree and summoned as trustee the petitioner

as administrator. Thereafter, the petitioner and his wife went to see Francis at Atlantic City, where he then was living. The instrument executed by Francis was under seal and purported to release and discharge the petitioner as administrator "from all debts, demands, actions and liabilities whatever, which" the heir then had or ever had "for or on account of the" estate of the intestate. It was admitted that the instrument was signed, but its effect as a release of the distributive share due Francis was denied. The instrument was signed at Atlantic City in the presence of the petitioner and his wife and another person who did not testify. The others present were witnesses. As found by the trial judge, each gave a different version of what was said at the conference at Atlantic City, and no one of them told the whole story. The amount of the estate was not disclosed to Francis. The trial judge found that neither the petitioner nor Francis intended the release (1) to be a bar to the right of the latter in the estate in case his wife failed to reach and apply it to her claim, or (2) to operate as an assignment of his interest to the administrator for the benefit of his two brothers upon a payment in the future. It was also found that the petitioner had caused a first and final account of his administration to be drafted, which contained an item asking to be allowed distributions to each of the three sons of the intestate of one third of the amount of the balance for distribution. This account was sent by the petitioner to Francis, who signed to it his assent and returned it. The petitioner then filed it in court, but no action has been taken upon it. The final finding was that the instrument under seal signed by Francis was of no effect upon the distribution of the estate. A decree was entered instructing the petitioner that the estate is to be distributed in equal shares to the three sons.

This is a petition in equity and not strictly a probate proceeding. There is jurisdiction in the probate court over such a petition under G. L. (Ter. Ed.) c. 215, § 6, as amended by St. 1933, c. 237, § 1. *Stowell* v. *Ranlett*, 238 Mass. 599. *Madden* v. *Madden*, 279 Mass. 417, 423. *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 254.

This being an appeal in equity with a report of the evidence, questions of fact as well as of law are brought before this court for determination. The evidence has been examined. The question whether the release was executed with the purpose and intent to absolve the administrator from liability to Francis for his distributive share was wholly one of fact. The finding in substance and effect is that, so far as concerns the issues here raised, the instrument signed by Francis was a sham. The decision of the trial court is not plainly wrong but appears to be right. No consideration was paid to Francis when the instrument was signed. No payment whatever has been made to him on account of his distributive share in the estate. No agreement for future payment to him has been shown. The petitioner as administrator of the estate of the intestate was bound to exercise the utmost good faith in dealings with the heirs and distributees. *Flynn* v. *Colbert*, 251 Mass. 489, 493. The burden was on Francis to show that the instrument signed by him was not a bar to his right to a distributive share. *Griffin* v. *New York, New Haven & Hartford Railroad*, 279 Mass. 511, 515. *Willett* v. *Herrick*, 258 Mass. 585, 607. The finding is express that the parties did not intend the instrument to operate as a gift by Francis of his share to his two brothers or either of them. Cases like *Radovsky* v. *Wexler*, 273 Mass. 254, and *Hurley* v. *St. Martin*, 283 Mass. 415, are not at variance. It is enough to say that no reason is perceived for reversing the action of the trial judge. The evidence need not be summarized or discussed. *Ecklund* v. *Ecklund*, 288 Mass. 517.

There was no error in the admission of the account of his administration filed by the petitioner. It cannot be said to be without bearing upon the issues raised. No reversible error is shown on the record.

All the real parties in interest appeared as respondents to the petition. The petitioner as an individual and Clarence appealed from the final decree. The case is rightly before us on this appeal. The petitioner in his capacity as administrator was not a party aggrieved and had no right to appeal. *Thompson* v. *Martin*, 281 Mass. 41, 43. *Dockray*

v. *O'Leary,* 286 Mass. 589. On this point the case at bar is distinguishable from *Watson* v. *Erickson,* 276 Mass. 185, 187.

*Decree affirmed.*