ANNIE V. PATRICK *vs.* HARRY C. DUNBAR, executor.

Middlesex.   November 4, 1935. — March 30, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Execution, Action against insolvent estate of decedent, Exceptions. *Executor and Administrator,* Insolvent estate.

Under G. L. (Ter. Ed.) c. 198, § 33, no execution properly could issue on a judgment against an executor of a will who had represented the estate to be insolvent and had filed with the clerk of the court where the judgment was entered an attested copy of the decree of the Probate Court appointing commissioners to examine claims; that the copy was "attested" instead of "certified" by the register was immaterial.

The executor was a party aggrieved by and entitled to prosecute an exception to an order directing the issuance of an execution in violation of G. L. (Ter. Ed.) c. 198, § 33.

CONTRACT against an executor on an obligation of his testatrix. Writ in the Third District Court of Eastern Middlesex dated October 5, 1933.

On removal to the Superior Court, the action was heard by *Collins,* J., without a jury. He found for the plaintiff in the sum of $1,323.60. A motion for execution, after the allowance of a motion for judgment, was heard and allowed by *Fosdick,* J. The defendant alleged exceptions.

*J. H. Devine,* (*J. F. Groden* with him,) for the defendant.

*K. C. Tiffin,* for the plaintiff.

RUGG, C.J. This is an action of contract to recover a deficiency on a mortgage note after the application of the net proceeds of a foreclosure sale. Damages were assessed in favor of the plaintiff on January 15, 1935. On February 7, 1935, the defendant filed a representation in the Probate Court that the estate of the testatrix was insolvent and a decree was entered reciting that it appeared that said estate would probably be insufficient for the payment of her debts, and appointing commissioners to receive and examine claims against the estate and to return a list of

claims presented to them with the amount allowed on each. Two days later a copy of that decree duly attested by the register was filed in the case at bar. On February 11, 1935, the plaintiff demanded execution, which the clerk of courts declined to issue. On February 21, 1935, the plaintiff filed a motion for judgment, which was allowed on March 1, 1935, as of February 11, 1935. Execution for costs issued against the defendant personally and has been satisfied. On February 21, 1935, the plaintiff filed a motion for execution. On March 26, 1935, the Probate Court revoked its decree of February 7, 1935; on the same day a new representation of insolvency of the estate of the testatrix was filed and a decree was entered to the effect that the court would receive and examine the claims of creditors. Certified copies of those papers were filed in the case at bar on March 29, 1935; and on the same date the motion for execution was heard and allowed, execution to issue as of February 12, 1935. The defendant's exception to the allowance of this motion raises the main question in the case.

The plaintiff was not entitled to an execution on the facts disclosed. Before the case at bar had gone to judgment, the estate of the testatrix had been represented insolvent and an attested copy of the appropriate decree of the Probate Court on such representation had been filed with the clerk of courts. In these circumstances the provisions of G. L. (Ter. Ed.) c. 198, § 31, became operative. They are, so far as here material, that no action shall be maintained against an executor or administrator after an estate has been represented insolvent but that it may be tried and determined as in § 13, wherein it further is provided that no execution shall be awarded against the executor or administrator. These sections, however, if applicable to the case at bar, would work hardship because the issues raised had been fully tried on their merits and damages had been assessed. Apparently the case had not gone to judgment earlier (G. L. [Ter. Ed.] c. 235, § 1; Rule 79 of Superior Court [1932]) because the defendant had filed a claim of exceptions, which probably was still

pending. Just when the time for filing a bill of exceptions expired is not shown. The case was one highly appropriate for the entry of a judgment *nunc pro tunc* as of a time when the exceptions ceased to have vitality. *Barnes* v. *Barnes*, 291 Mass. 383, 386. *Perkins* v. *Perkins*, 225 Mass. 392, 396–397. G. L. (Ter. Ed.) c. 235, § 4. No contention has been made that such an order for judgment, made to take effect as of February 11, 1935, was not proper. No execution could issue against the estate because there was already on file an attested copy of the decree on the representation of insolvency entered by the Probate Court on February 7, 1935. That decree was not revoked until March 26, 1935, and no copy of the decree of revocation appears ever to have been filed in the case at bar. The second decree on the representation of insolvency was entered on March 26, 1935, and a certified copy of it was filed on March 29, 1935. Up to the latter date there was continuously on file in this case since before February 11, 1935, a copy of the decree of the Probate Court respecting the insolvency of the estate of the testatrix. If it be assumed that the case at bar went to judgment on February 11, 1935, although order to that effect was not entered until March 1, 1935, then the case falls within G. L. (Ter. Ed.) c. 198, § 33. Its words, so far as material, are these: "If judgment has been rendered against an estate which has been represented insolvent, and a certified copy from the probate court, showing such representation, has been filed in the clerk's office of the court in which the judgment was rendered, no execution shall be issued on such judgment . . ."; but provision is made for allowance of such judgment as a claim against the estate as other claims are proved and allowed. In any event, therefore, no execution could issue against the defendant on the claim. The main purpose of this provision is that there shall be equality of treatment in the ratable division of the insolvent estate of a deceased person among its creditors of the same class without priority of one over another and no interference with the settlement of such estate in the Probate Court. *Bristol County Savings Bank* v. *Woodward*, 137 Mass. 412.

*Harmon* v. *Sweet*, 221 Mass. 587.   There was no time between February 9 and March 29 when there was not in the clerk's office in the files of the case at bar an authentic copy of the decree respecting the representation of insolvency.   The plaintiff has argued that the duly attested copy of the decree of the Probate Court of February 7, 1935, filed two days later, was not a compliance with the requirement of said § 33, and that therefore the plaintiff was entitled to execution as of February 12, 1935.   That argument is based on a highly technical distinction between attested and certified as applied to the copy of a decree. It is urged that an attested copy of a decree is merely a statement that it is a true copy, while a certified copy imports in addition that it is and remains in full force at the time the certificate is dated.   The statute makes no such distinction.   There may be differences in the sense of the two words dependent upon their context and the purpose to be accomplished.   But the niceties of these variations of signification are not in point in effectuating the design of the statute.   An attested copy directs attention to the fact of representation of insolvency as well as a certified copy.   That is the important fact.   The two words often are treated as without essential difference in meaning. *Sawyer* v. *Lorenzen & Weise*, 149 Iowa, 87.   *Kipp* v. *Dawson*, 59 Minn. 82.

The clerk of courts is a ministerial officer of the courts and is subject to the direction of the courts in the performance of his duties.   While the issuance of an execution ordinarily may be a ministerial act, questions of law may be involved which require invocation of the judicial power. *Cambridge Savings Bank* v. *Clerk of Courts*, 243 Mass. 424, 427.   In such instances, a party aggrieved by a ruling of the judge may allege and prosecute exceptions.   G. L. (Ter. Ed.) c. 231, § 113.   This was not a proper case for appeal. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.   The exceptions are rightly before us.

It was the duty of the defendant to conform to the law in the distribution of the estate of the testatrix among her creditors.   So far as the ruling to which exception was saved

interfered with such administration, the defendant was a person aggrieved and entitled to prosecute a bill of exceptions. In this respect he was acting in the interest of the entire estate. *Watson* v. *Erickson,* 276 Mass. 185, 187. The case at bar is distinguishable from decisions like *Ensign* v. *Faxon,* 224 Mass. 145, 149–150, *Dockray* v. *O'Leary,* 286 Mass. 589, and *MacDonald* v. *MacDonald,* 291 Mass. 299, 302.

*Exceptions sustained.*