CITY OF BOSTON *vs.* JOSEPH SANTOSUOSSO & another.

Suffolk.    January 9, 1941. — January 28, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, & COX, JJ.

*Equity Pleading and Practice*, Execution, Decree, Appeal. *Supreme Judicial Court*, Moot question.

It was error for the Superior Court to allow a motion that issuance of an execution, ordered in a final decree entered in a suit in equity in accordance with a rescript from this court, be stayed for more than twenty days after the entry of such decree in order that application might be made for leave to file a bill of review.

Appeal lies to this court from the allowance by a judge of the Superior Court of a motion for stay of issuance of an execution ordered in a final decree entered in a suit in equity after rescript from this court.

The question presented on an appeal to this court, whether a judge of the Superior Court erred in allowing a motion to stay issuance of an execution ordered in a final decree in a suit in equity, did not become moot merely because, before the appeal was reached for argument in this court, the term of the stay had expired.

BILL IN EQUITY, filed in the Superior Court on January 21, 1937.

The present appeal relates only to orders by *Good*, J., staying issuance of executions ordered in a decree entered after rescript of this court according to the decision reported in 307 Mass. 302.

*E. F. McClennen*, Special Assistant Corporation Counsel, (*H. Freed*, Assistant Corporation Counsel, with him,) for the plaintiff.

*W. P. Murray*, (*F. L. Simpson* with him,) for the defendants.

FIELD, C.J.   This is another aspect of the case of *Boston v. Santosuosso*, 298 Mass. 175; 302 Mass. 169; 307 Mass. 302; *ante*, 189.   After entry in the Superior Court of a final decree ordering each of the defendants, Santosuosso and Curley, to pay to the plaintiff a certain sum of money and costs, and providing, in the case of each defendant, that "the plaintiff have execution against the defendant" for this sum and interest thereon from the date of the decree and for costs, both defendants appealed to this court. This court issued a rescript affirming the decree with costs. A final decree after rescript was entered in the Superior Court on December 4, 1940, in the words of the final decree appealed from, except that the amounts stated therein apparently have been changed to bring up to the date of the decree after rescript the computation of interest and costs.   Each defendant made a motion in the Superior Court that issuance of execution on this final decree after rescript be stayed until January 2, 1941, "in order that application may be made to the Supreme Judicial Court for leave to file a bill of review" in the Superior Court. Each motion was supported by an affidavit stating that

it was the intention to make such a motion for the purpose of seeking review of the final decree on the ground of newly discovered evidence, stating the general nature of such evidence, and stating that this evidence had not theretofore been available to the defendant in proceedings in the Superior Court or in the Supreme Judicial Court on appeal. These motions bear the indorsement: "Dec. 4, 1940, Filed and allowed after hearing," with the name of the judge in brackets.

The plaintiff contends that the allowance of these motions was error. The contentions in behalf of one or both of the defendants are (a) that the allowance of his motion was not a proper subject of appeal, (b) that the allowance of the motion was not error, and (c) that the question whether such allowance was error has become moot.

The final decree after rescript provided for the unconditional payment of money by each defendant. Enforcement of such a decree is by execution or by proceedings for contempt. But see also G. L. (Ter. Ed.) c. 224, §§ 14–30. Rule 83 of the Superior Court (1932), however, recognizes that ordinarily enforcement of such a decree should be by execution, since it provides that upon such a decree "the clerk, upon request of a party entitled thereto, shall issue a writ of execution in common form thereon, unless the court shall otherwise order, and proceedings for contempt for non-payment shall not be begun upon such decree without leave of court." By reason of this rule it is unnecessary to provide expressly in a decree for issue of execution since in the absence of a provision to the contrary such a provision is implied. *Peerless Unit Ventilation Co. Inc.* v. *D'Amore Construction Co.* 283 Mass. 121, 126. The final decree after rescript in the present case, however, provided expressly that the plaintiff should have execution against each defendant for the amount to be paid by him. This provision with respect to each defendant was no less a part of the decree than was the provision that such defendant should pay money to the plaintiff. This fact was recognized in *Beacon Oil Co.* v. *Maniatis*, 284 Mass. 574, 577, where it was said of a decree, that it was a final decree

"not only because it purports to be final . . . but also because it provides, though unnecessarily . . . for the issue of execution." See also *Degnan* v. *Maryland Casualty Co.* 271 Mass. 427, 430; *Kingsley* v. *Fall River*, 280 Mass. 395, 401. We do not intimate that the result of the present case would be different if the decree had been silent on the subject. But the incorporation in the decree of the provisions for execution makes it doubly clear that the court did not by the decree "otherwise order." It was an element of the decision embodied in the decree that the plaintiff should be entitled to have the decree enforced by execution — though such enforcement is not necessarily exclusive of enforcement by proceedings for contempt. Rule 83 of the Superior Court (1932). *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331, 337. And the decree left open no details with respect to the time of issuing executions to be settled by supplementary decree. Compare *Old Colony Trust Co.* v. *Great White Spirit Co.* 178 Mass. 92; *S. C.* 181 Mass. 413; *Dolphin* v. *A. C. Lewis Leather Co.* 269 Mass. 132, 137, 139. The limitations as to time are prescribed by statute. See G. L. (Ter. Ed.) c. 214, § 29; c. 235, §§ 16, 17.

The motions for stay of execution appear to have been allowed by the court after the entry of the final decree after rescript. Obviously the provisions for stay of execution so made were not incorporated in this decree. Whether, if they had been so incorporated, this decree would have failed to conform to the rescript need not be decided. If they had been so incorporated this question might have been raised by appeal from the final decree after rescript. *Carilli* v. *Hersey*, 303 Mass. 82.

The plaintiff was entitled under the decree after rescript — except as it was affected by the allowance of the motions in question — to have the clerk of the court in which this decree was entered issue, upon request of the plaintiff, writs of execution in common form against the defendants, subject to the provisions of the statutes relating to such writs. See Rule 83 of the Superior Court (1932); G. L. (Ter. Ed.) c. 214, §§ 29, 41; c. 235, §§ 16, 17. Issuance of such a writ

is a ministerial act to be performed by the clerk. *Fisher* v. *Deans*, 107 Mass. 118, 119. *Costley* v. *Commonwealth*, 118 Mass. 1, 28, 35. In the absence, at least, of a further order of court, the plaintiff had the right to demand, and it would be the duty of the clerk, subject to the limitations fixed by statute, to issue proper executions for the enforcement of the decree for the payment of money. See *White* v. *Morse*, 139 Mass. 162, 164. See also *Blanchard* v. *Waters*, 10 Met. 185, 187. *Washington National Bank* v. *Williams*, 188 Mass. 103, 105–106. In *Briggs* v. *Wardwell*, 10 Mass. 356, 357, it was said of a judgment in an action at law that "There is not in our judicial proceedings a formal award of execution entered on the record. When a judgment is duly entered, the law awards the execution. . . . There is no judicial discretion to be exercised on the subject; the party may demand it of right, within the limitations as to time prescribed by the statute." In a suit in equity, however, execution issues only by order of the court express or implied. G. L. (Ter. Ed.) c. 214, §§ 29, 41. Rule 83 of the Superior Court (1932). *White* v. *White*, 233 Mass. 39, 44. See also *Burrows* v. *Purple*, 107 Mass. 428, 433–434, 436. But upon a decree that execution issue, as upon a judgment at law, "the party may demand it of right, within the limitations as to time prescribed by the statute." *Briggs* v. *Wardwell*, 10 Mass. 356, 357. The clerk, however, "is a ministerial officer of the courts and is subject to the direction of the courts in the performance of his duties. While the issuance of an execution ordinarily may be a ministerial act, questions of law may be involved which require invocation of the judicial power," and decisions thereon by the Superior Court are reviewable by this court. *Patrick* v. *Dunbar*, 294 Mass. 101, 104. The judicial power referred to is "the general power of a court to amend its records or its processes so as to make them conform to the truth," and this power extends to executions. *Dewey* v. *Peeler*, 161 Mass. 135, 136. This power may be exercised, upon motion, to amend an execution so that it will conform to the judgment or decree upon which it is issued or to set aside an execution that is not warranted by such judgment or decree. *Chesebro* v.

*Barme*, 163 Mass. 79, 81–82. *Boston & Maine Railroad* v. *D'Almeida*, 221 Mass. 380, 383. *Patrick* v. *Dunbar*, 294 Mass. 101, 104.

The defendants, however, did not seek by their motions the exercise of the power of the Superior Court, above described, to make its records and processes conform to the truth. No execution appears to have been issued. Nor is there any contention that the final decree after rescript did not warrant the issuance of executions against the defendants. The defendants, on the contrary, sought by these motions an extension of the time beyond that prescribed by statute within which execution should not be issued. In support of the motions, reliance is placed upon decisions of this court with respect to the power of the Superior Court to take further proceedings in a case after rescript from this court and before entry of a final decree in the Superior Court upon such rescript. See *Day* v. *Mills*, 213 Mass. 585, 587–588; *Long* v. *George*, 296 Mass. 574, 577; *Carilli* v. *Hersey*, 303 Mass. 82, 87. But these decisions are inapplicable to the present case. If any such power to take further proceedings before entry of the final decree after rescript was exercised — as does not appear — the result of such exercise was embodied in the final decree after rescript and no question as to the propriety of such exercise is raised on this appeal. And the motions in question — as appears from the record and as the parties concede — were allowed after the entry of this final decree. But it is an "established principle that after the entry of a final decree in equity . . . the case is finally disposed of by the court, subject to such rights of appeal, if any, as the statute gives, and [that] the court has no further power to deal with the case except upon a bill of review." *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 306 Mass. 362, 365, and cases cited. There are, however, recognized exceptions to this principle. But this case does not come within any of them. The purported change with respect to the time within which execution should not be issued obviously was not the correction of a clerical error in the final decree after rescript by reason of which this decree did not con-

form to the decision actually made. See *Prenguber* v. *Agostini,* 289 Mass. 222, 223, 224. The decree conformed in terms, except for amounts, with the rescript. And obviously, the motions were not based on any accident, mistake or like circumstance attending the entry of the decree such as would warrant a modification of the decree on motion. See *Hyde Park Savings Bank* v. *Davankoskas,* 298 Mass. 421, 423–425. Nor is this the case, within a real or apparent exception to the general principle stated, of an original bill in equity to enjoin enforcement of a decree according to its terms where "through lapse of time or for other reasons," the remedy by bill of review is not available. *Corbett* v. *Craven,* 196 Mass. 319, 320. *Frechette* v. *Thibodeau,* 294 Mass. 51, 54–58. See also *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 215–216; *McLaughlin* v. *Feerick,* 276 Mass. 180, 182–183; *Hyde Park Savings Bank* v. *Davankoskas,* 298 Mass. 421, 423. The final decree after rescript, therefore, could not be changed upon motion so as to extend the time within which execution should not be issued.

The allowance of the motions in question must be supported, if at all, on the ground that it did not change the final decree after rescript, but was merely an exercise of the power of the court over its own processes. It has been recognized by decisions of this court already cited that a court has considerable power over its own processes, including its executions, that may be exercised upon motion. But the power there recognized is a power to make an execution conform to the judgment or decree upon which it is based, and to set aside an execution that is not warranted by such judgment or decree. It is not, so far as these decisions go, a power to stay an execution to which the plaintiff is lawfully entitled under the decree. No statute expressly authorizes the Superior Court in the circumstances of the present case to grant such a stay. If the Superior Court has such authority it is by reason of implied or inherent power. This case does not require a consideration at large of the question of the existence of such an implied or inherent power to stay execution in circumstances

other than those appearing upon this record. The question here is solely as to the existence of such an implied or inherent power to stay an execution "in order that application may be made to the Supreme Judicial Court for leave to file a bill of review" in the Superior Court. Though, as was decided in *Boston* v. *Santosuosso, ante,* 189, such an application to this court has no place in our practice, we consider the question as if a petition to the Superior Court for leave to file a bill of review therein was contemplated.

The question of the existence of implied or inherent power in the Superior Court upon motion to stay execution for this purpose must be determined in accordance with the law governing bills of review and the statutes relating to review of decisions of the Superior Court. G. L. (Ter. Ed.) c. 214, § 29, regulating the issuing of executions upon final decrees in equity provides that "No process for the execution of a final decree . . . shall issue until the expiration of twenty days after the entry thereof." There are, however, two express exceptions to this limitation of time permitting issuance of an execution sooner, that is, (a) where there is a waiver of appeal by all parties "by a writing filed with the clerk or by causing an entry thereof to be made on the docket," (see *Tolman* v. *Tolman,* 224 Mass. 501, 504), and (b) where "the justice by whose order the final decree was made is of opinion that the appeal from such decree is groundless and intended merely for delay, process for the execution of the decree may be awarded notwithstanding the appeal." The statutory provision for postponement of execution for a period of twenty days obviously was for the purpose of giving the defeated party an opportunity to appeal from the decree without being subject to execution. The Superior Court has no power to extend the time for claiming an appeal. That power, in substance, is conferred upon this court. G. L. (Ter. Ed.) c. 214, § 28. The power granted by G. L. (Ter. Ed.) c. 231, § 135, to the Superior Court to extend the time in which certain acts in the completion of an appeal shall be done (previously exercised in this case, 302 Mass. 169), does not extend to the act of claiming an appeal. See G. L.

(Ter. Ed.) c. 214, § 19. It is provided, however, by statute that after the entry of the appeal in this court "all proceedings under such decree shall be stayed." G. L. (Ter. Ed.) c. 214, § 19. The statutes provide further that "After an appeal has been taken" the full court "may . . . suspend the execution or operation of the decree appealed from," and that "the justice of the Superior Court by whom the . . . decree appealed from was made, or any other justice of said court, may make any proper interlocutory orders, pending such appeal" (G. L. [Ter. Ed.] c. 214, § 22), and that "Upon an appeal from a final decree, the justice . . . by whom it was made may make such orders . . . needful for the protection of the rights of parties, until the appeal shall be heard by the full court." G. L. (Ter. Ed.) c. 214, § 21. These statutory provisions relating to stay of proceedings, other than the provision that no execution shall issue upon a decree until the expiration of twenty days after its entry, are clearly incidental to an actual appeal. They are not effective until an appeal has been claimed. And in view of this complete statutory system no further power to stay or suspend the operation of the final decree can be implied merely from the fact that an appeal therefrom is contemplated. Though some of the statements herein made may not be fully applicable to an appeal from a final decree after rescript (see *Carilli v. Hersey*, 303 Mass. 82, 85–87), the reasons for implying a power to stay or suspend its operation are, at least, no stronger than in the case of an original final decree.

The statutory system relating to review in actions at law is somewhat similar. A defeated defendant is not subject to execution until final judgment has been entered. Review is ordinarily had by appeal or exception before the entry of such a judgment, upon which, alone, execution may be issued. But by express statutory provisions, similar to the provision in equity, if the appeal or exceptions are groundless judgment may be entered, notwithstanding the appeal or the exceptions, and execution awarded or stayed, upon terms. G. L. (Ter. Ed.) c. 231, §§ 96, 116. In such a case, if execution is awarded and is collected and

the defeated party prevails upon the exceptions or appeal, he will have his remedy. *Williams* v. *Clarke*, 182 Mass. 316, 318. There are, however, express statutory provisions for review after judgment, by writ of error, by motion to vacate judgment, by petition to vacate judgment, and by writ of review. G. L. (Ter. Ed.) c. 250. The statutes relating to these methods of review — except the more summary proceeding by motion to vacate judgment — provide expressly for stay or supersedeas of the execution. It is provided in the case of a writ of error that the writ "shall not stay or supersede the execution" unless a bond is given, §§ 6, 7; in the case of a petition to vacate judgment that the court "may issue a stay or supersedeas of an execution," but the petitioner shall give bond "before judgment is vacated . . . and before execution is stayed or superseded," except that in a specific class of cases execution may be "stayed or superseded without security," §§ 16, 17, 18; in the case of a writ of review the court "may issue a stay or supersedeas of an execution" and, with a similar exception to that in the case of a petition to vacate judgment, the petitioner must give bond. §§ 23, 24, 25, 27. It is apparent that in each of these proceedings for review of a final judgment a stay or supersedeas of the execution is an incident of the proceeding for review. A power to stay or supersede the execution by reason of the fact that such a proceeding is contemplated is not to be implied.

A bill of review to review a final decree in equity resembles, in some aspects, an appeal from such a decree, and, in some aspects, a writ of error to review a final judgment at law. See *Nelson* v. *Bailey*, 303 Mass. 522, 524–525. But a bill of review on the ground of newly discovered evidence or other matter not apparent on the record, the only kind of bill of review that will lie to review a decree after rescript (*Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 288), more closely resembles a statutory writ of review to review a judgment at law. The analogy of a bill of review to a writ of review was recognized and followed in *Evans* v. *Bacon*, 99 Mass. 213, 215. See also *Plymouth* v. *Russell Mills*, 7 Allen, 438, 445; *Conant* v. *Perkins*, 107 Mass. 79, 82; *Mac-*

*kay* v. *Brock,* 245 Mass. 131; *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 284; *Boston & Maine Railroad* v. *Greenfield,* 253 Mass. 391, 399. Of course this analogy, particularly by reason of the differences between proceedings in equity and proceedings at law, cannot be followed in all respects. But in respect to staying or superseding execution there seems to be no reason why the analogy should not be followed to the extent of holding, in conformity with the statutory system governing review of final decrees and judgments generally, that stay or supersedeas of execution is an incident of the proceeding for review, and that there is no implied power to stay or supersede an execution for the reason that the bringing of a bill of review is contemplated. Indeed, this conclusion is particularly applicable to a bill of review on the ground of newly discovered evidence or other matter not apparent on the record. It is not essential to the maintenance of such a bill of review that the decree sought to be reviewed shall not have been performed. See *Elliott* v. *Balcom,* 11 Gray, 286, 296. On the contrary, the "rule that the petitioner for a bill of review must first obey and perform the decree is one of convenience and not of jurisdiction. It does not prevent courts from inquiry as to errors." *Boston & Maine Railroad* v. *Greenfield,* 253 Mass. 391, 397. The question, similar to that arising in the case of a writ of review (G. L. [Ter. Ed.] c. 250, § 22, *Stillman* v. *Donovan,* 170 Mass. 360), whether leave shall be granted to file a bill of review to review a decree that has not been performed, and the question whether, by analogy to a writ of review, execution on this decree shall be stayed temporarily by injunction under conditions similar to those applicable to a writ of review, are closely related. Both are incidents of the new proceeding. The action of the Superior Court in allowing the motions for stay of execution in the original suit was erroneous.

The appeal is properly before this court as an appeal from a final decree. The indorsements on the motions, though informal, were adequate to constitute decrees. *Wallin* v. *Smolensky,* 303 Mass. 39, 42. And such decrees in their nature were "sufficiently final . . . to warrant present con-

sideration" of them.  If they had been effective they would have changed or affected the final decree after rescript in a matter affecting the rights of the plaintiff and left nothing open to be decided by the court for a final determination of the case.  See *Barringer* v. *Northridge*, 266 Mass. 315, 318; *Peterson* v. *Hopson*, 306 Mass. 597, 604.  The case of *Patrick* v. *Dunbar*, 294 Mass. 101, 104, where it was held that an appeal would not lie, is readily distinguishable.  That was an action at law, where the right of appeal is more restricted than in equity.  See G. L. (Ter. Ed.) c. 231, § 96.  Moreover, the case is not moot by reason of the fact that the extension of time within which execution should not be issued has expired since the entry of the appeal in this court, but before the case was reached for argument.  We cannot say that the allowance of the motions, which, if effective, would change or affect the final decree after rescript, if permitted to stand unreversed upon the docket of the court, may not affect the substantive rights of the parties.

It follows that the decrees allowing the motions must be reversed, and the motions denied.

*Ordered accordingly.*