Rescripts.

FRANK GROSSMAN & another *vs.* MAX KATZ & others, trustees, & others. January 3, 1964. Decree affirmed with costs of this appeal. This is a petition for leave to bring a bill of review. The object of the petition is to set aside a final decree of the Superior Court in a declaratory proceeding instituted by the present respondents in which a decree pro confesso was entered in their favor against the present petitioners. The respondents demurred and from a decree sustaining the demurrer the petitioners appealed. Since the object of the petition is to set aside the pro confesso decree for error of law apparent on the record, the petitioners could bring a bill of review as of right and leave to do so would not be required. *Elliott* v. *Balcom,* 11 Gray, 286. *Nashua & Lowell R.R.* v. *Boston & Lowell R.R.* 169 Mass. 157, 158. Accordingly, we shall treat the petition as in substance a bill of review rather than a petition for leave to bring one. We are of opinion that the demurrer was rightly sustained. We perceive no error of law apparent on the record of the sort urged by the petitioners. In view of this conclusion, it is unnecessary to decide whether the demurrer might also have been sustained on the ground that the proceeding, having been instituted more than a year after the entry of the challenged decree, was not seasonably brought. See *Conant* v. *Perkins,* 107 Mass. 79, 82; *Nelson* v. *Bailey,* 303 Mass. 522, 524–525.

The case was submitted on briefs.

*James D. St. Clair & Harold Hestnes* for the petitioners.
*Magnus Greenman & Karl Greenman* for the respondents.

BESSIE HINES'S CASE. January 3, 1964. Decree affirmed. A single member of the Industrial Accident Board upon conflicting medical testimony concluded that the employee had failed to establish that there was any causal relationship between her work and heart symptoms experienced by her on April 7, 1958. The reviewing board adopted the single member's decision. A final decree was entered in the Superior Court dismissing the employee's claim. Certain electrocardiograms made at a hospital on or shortly after April 7, 1958, were in evidence before the board and were fully discussed by the medical witnesses. It is immaterial that these electrocardiograms were not retained in the custody of the single member after the hearing. The single member was justified in relying upon the testimony of the expert medical witness called by the insurer and in failing to adopt that of the doctor called by the employee.

*James W. Kirk* for the employee.
*John T. Burke* for the insurer.

PAUL A. FUOG *vs.* EVELYN J. FUOG (and a companion case[1]). January 3, 1964. Decrees affirmed. These two libels for divorce were heard together. The judge made comprehensive findings of material facts, and entered a decree nisi of divorce on the husband's libel on the ground of cruel and abusive treatment; custody of the two minor children was awarded to the husband. A decree was entered dismissing the wife's libel. From these decrees the wife appealed. The evidence is not reported. A recital of the facts found by the judge would serve no useful purpose. It is enough to say that the findings support the decrees and no error of law has been shown.

*Philip J. Murphy,* for Evelyn J. Fuog, submitted a brief.
No argument or brief for Paul A. Fuog.

---

[1] The companion case is by Evelyn J. Fuog against Paul A. Fuog.