Garsh, J.
Plaintiff, Sterling Engineering & Construction Co., Inc. (“Sterling”), moves the court to allow an execution to be issued at this time despite the fact that plaintiffs request for execution was filed more than one year after it was entitled to take one out. The defendant, City of Taunton, opposes the motion on the grounds that issuance of an execution in these circumstances is barred by G.L.c. 235, §17. For the reasons stated below, plaintiffs motion is denied.
BACKGROUND
On March 27, 1997 Sterling recovered a judgment against the City of Taunton. A corrected judgment was entered on April 7, 1997 in favor of Sterling in the amount of $111,165.55 plus interest. No appeal was noticed. On July 8, 1998, more than one year after it was first entitled to take out an execution, Sterling filed its motion for execution to issue late.
DISCUSSION
When an execution may issue is not a matter of judicial discretion, but rather is governed by statute. Boston v. Santosuosso, 308 Mass. 202, 205 (1941). General Laws c. 235, §17 provides, “An original execution shall not issue after the expiration of one year after the party is first entitled to take it out. . .” The time within which the original execution may issue cannot be extended. Pease v. Morris, 138 Mass. 72, 73 (1884). As the Court stated in Briggs v. Wardwell, 10 Mass. 355, 357 (1813), “(tjhere is no judicial discretion to be exercised on the subject [of timing of executions].” In Briggs, a justice of the peace, in contravention of the time limits established by statute, issued an execution prior to the expiration of twenty-four hours after entry of judgment. The Court analogized the unlawful issuance of an execution too early to one issued “before judgment was rendered, or after the expiration of the year.” Id. at 358. Cf. Santosuosso, supra, 308 Mass. at 208-09 (Superior Court has no authority to stay execution other than as specified in the statute).
Sterling attempts to escape the operation of the unambiguous language in G.L.c. 235, §17 by casting his request as one not for an “original” execution, but rather one seeking a “new” execution. G.L.c. 235, §19 provides, “If a judgment remains unsatisfied after the expiration of the time for taking out execution thereon, the creditor may obtain a new execution by motion to the court in which such unsatisfied judgment was rendered .. .” (Emphasis added.) In effect, the plaintiff argues that once the one year time limit for obtaining an original execution expires, a judgment creditor is free to obtain a new execution upon motion[1] even if no other execution had ever issued. Such a construction of the word “new” would render the one year time limit in G.L.c. 235, §17 utterly meaningless.
Other sections of the statute make it clear that the word “new” is not intended to be interchangeable with “original.” For example, G.L.c. 235, §20 provides that, upon motion, a “new” execution can be issued when there has been an erroneous levy upon property not liable to execution and the execution has only been partially satisfied.[2] Similarly, G.L.c. 235, §21 provides that, upon motion, a “new” execution can be issued when there has been an erroneous levy on a member of a corporation.[3] Section 19 makes it clear that, in such circumstances, when an original execution has issued within one year after the party is first entitled to take it out, a “new” execution may be obtained by motion even after that year has passed.
Where, as here, no original execution ever issued within the one year after Sterling was first entitled to take it out, Sterling cannot take advantage of the discretion afforded to the court to order the issuance of a “new” execution. Plaintiff is not, however, left without a remedy. Pursuant to G.L.c. 235, §19, Sterling may bring a civil action against the defendant for recovery of the judgment.
ORDER
For the foregoing reasons, it is ORDERED that the plaintiffs motion to allow an execution to issue late be DENIED.'

As ground for its motion, Sterling represents that the delay in seeking an execution “was occasioned by the good-faith efforts before, during, and after April 7, 1997 to sort out and deal with multiple claims of third-party creditors seeking to reach and apply certain of the proceeds.” There is no claim that the defendant, the court, or the clerk-magistrate’s office hindered or delayed the issuance of an execution.

G.L.c. 235, §20 provides, “If an execution is returned satisfied in whole or in part by the sale of property not liable to such execution, and if damages are recovered against the *102 judgment creditor or the officer who served the execution on account of the seizure and sale of such property, the creditor shall be entitled to a new execution for the amount then remaining due him by a motion pursuant the preceding section.”

G.L.c. 235, §21 provides, “If an execution against a corporation is satisfied in whole or in part by service or levy on the person or property of a member thereof, and the property levied on or damages for the service or levy are subsequently recovered by such member from the officer or judgment creditor, the creditor, upon a motion to the court which rendered the judgment, shall be entitled to a new execution for the amount then remaining due him.”