Curtin, J.
This is a summary process action involving commercial premises in which the parties filed an agreement for judgment and execution was issued. The plaintiff-landlords thereafter filed a document captioned “Motion to Replace Execution” which sought additional costs and attorney’s fees for the defendant-tenant’s alleged default on the agreement for judgment The motion was denied, and the plaintiffs have appealed pursuant to Dist/Mun. Cts. R A D. A, Rule 8A
Defendant Bacon’s Spirits Co., Inc. (“Bacon”) operated a liquor store for more than ten years on premises leased from plaintiffs Robert Berman and Robert Hoag-lund, Trustees of R&R Realty Trust (the “Landlords”). On August 21, 2000, the Landlords commenced this summary process action to recover possession and alleged unpaid rent Bacon vacated the premises prior to the scheduled trial date of September 28, 2000. On that date, the Landlords’ counsel drafted, and both parties signed, an agreement for judgment (the “Agreement”) which granted the Landlords $4,324.99 in damages, $6,760.00 in attorney’s fees and $354.97 in costs, for a total of $11,439.96, and provided for the immediate issuance of execution in the $11,439.96 amount Further, in three concluding paragraphs, the Agreement provided that (para. 6) if Bacon paid $9,989.17 and removed its outside sign on or before October 6,2000, the Landlords would accept that amount in full satisfaction of the debt (para 7) if Bacon failed to remove its sign by the specified date, it would be required to pay an additional $750.00; and (para 8) if Bacon foiled to comply with the terms of the Agreement, it would be responsible for the Landlords’ additional costs and attorney’s fees. Bacon’s counsel has averred that the $750.00 figure provided for in para 7 was the amount estimated by the parties as the cost of removing the sign. The $9,989.17 compromise amount provided for in para 6 constituted a $1,460.79 reduction in the attorney’s fees portion of the judgment total.
The Agreement for Judgment was submitted to the trial judge, and entered on the docket on August 28,2001. Execution was issued on September 29,2001.
Bacon removed the sign, but foiled to remove the sign brackets. On the agreed date of October 6, 2000, Bacon’s counsel delivered a bank check for the $9,989.17 sum specified in para 6 to one of the Landlords’ attorneys, together with a letter indicating that the sign brackets would be removed that day. The Landlords’ counsel signed a written receipt for the check and letter, and added the following notation; “However, as of 10:08 AM., the sign brackets have not been removed. Unless it [sic] is removed by 5:00 P.M. on this date, an additional sum of $750.00 will be due and owing to R&S Realty.” Bacon did not remove the brackets by the end of the day, thus triggering the $750.00 obligation to the Landlords, which Bacon contends it was willing to pay.
*147 The Landlords claimed, however, that the failure to remove the sign brackets constituted a default of the entire Agreement, entitling them to not only the $750.00 estimated sign removal cost, which they characterized as a “penalty,” but also the $650.00 they actually paid for the bracket removal, the $1,460.70 difference in attorney’s fees between the judgment amount ($11,439.96) and the settlement amount ($9,989.17), plus additional attorney’s fees of $2,426.00,[2] and legal expenses of $29.50. The additional amounts totaled $5,316.20. Despite Bacon’s $9,989.17 payment of the settlement amount, the Landlords’ motion to “replace execution” demanded a new execution in the amount of $15,295.46. After hearing, the trial court denied the Landlords’ motion to replace execution, denied their request for attorney’s fees, and ruled that as Bacon had paid $9,989.17 pursuant to para 6 of the Agreement, Bacon’s sole remaining obligation was to pay $750.00 pursuant to para 7. The Landlords filed this appeal.
While the courts ruling may embody a proper construction of the parties’ Agreement, the dispositive issue is whether the Landlords were entitled to an interpretation and enforcement of the Agreement upon a “Motion to Replace Execution.” Hie answer is no, and that portion of the trial court’s order denying the Landlords’ motion is affirmed.
Upon the submission of the parties’ Agreement for Judgment to the trial judge and its entry on the docket, the Agreement became the judgment in this case which was binding upon the parties and effective “for all purposes.” Turesky v. Carp, 1993 Mass. App. Div. 141, 142 and cases cited. The Agreement could have provided for the issuance of an execution after October 6,2000 when Bacon’s compliance with, or breach of, the Agreement would have been clear. See, e.g. Boston Housing Auth. v. Cassio, 428 Mass. 112 (1998). Hie Agreement instead cálled for the immediate issuance of execution in a sum unrelated, as a practical matter, to either Bacon’s breach or compliance. An execution is “a process issued from a court in which a judgment has been rendered, in a civil action, for the purpose of carrying the judgment into effect” Miller v. London, 294 Mass. 300, 304 (1936). Generally, once an execution is issued, it can be amended only to correct simple clerical errors or to permit the addition of legal interest and statutory costs, to conform the execution to the judgment upon which it was based. Moeder v. Tolczyk, 2001 Mass. App. Div. 69, citing Boston v. Santosuosso, 308 Mass. 202, 206 (1941). The Landlords’ motion, however, was not merely a request for clerical correction of an existing execution. The Landlords were instead endeavoring to establish Bacon’s breach of the Agreement and to enforce the judgment in accordance with their unilateral construction of its terms. They could not do so by the simple expedient of replacing executions.
The Landlords’ remedy was to bring suit to enforce the agreement See, e.g., MacDonald v. Hawker, 11 Mass. App. Ct. 869 (1981).[3]
Accordingly, the trial courts denial of the Landlords’ “Motion to Replace Execution” is affirmed. The court’s accompanying ruling and order is vacated.
So ordered.

 The attorney’s fees sought included a $1,000.00 amount for the summary process trial which never took place, and $560.00 for argument on the Landlords’ motion to replace execution.

 In other circumstances not here relevant, civil contempt may also serve as an appropriate means of enforcing the terms of an agreement for judgment where there is a “clear and undoubted disobedience of a clear and unequivocal command.” Allen v. School Committee of Boston, 400 Mass. 193, 194 (1987); Manchester v. Department of Environ. Quality Engineering, 381 Mass. 208, 212 (1980).