Barrett, J.
This summary process action to recover possession of residential premises was concluded by the parties’ filing of a written agreement for judgment on May 6, 2004. Alleging that the defendant-tenant (the ‘Tenant”) thereafter breached the agreement by failing to pay one month’s use and occupancy charges, the plaintiff-landlord (the “Landlord”) secured the issuance of execution for both possession and money damages. The Tenant successfully moved to set aside the execution for money damages, and this Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal by the Landlord of that ruling followed.
The parties’ agreement was handwritten on a standard Agreement for Judgment form, and contained the following terms and conditions: (1) the Tenant was to vacate the premises no later than midnight, July 31,2004; (2) if the Tenant failed to vacate timely, execution would issue on August 1, 2004; (3) if the Tenant failed to make payment, or to forward a payment postmarked, by the first of each month, execution for possession was to be issued after three days’ notice by the Landlord; (4) both parties waived “all rights of stay or appeal”; (5) all Tenant’s counterclaims were dismissed with prejudice; (6) the Tenant was to park in a rear driveway; and (7) all other terms of the lease were to remain in full force and effect if the Tenant breached the agreement. Both parties were represented by counsel at the time the agreement for judgment was drawn, and both parties and their respective attorneys signed the agreement. An additional, illegible signature appears on a line designated for “Approval by Court.”
Immediately below the signature lines are two spaces available for designating “Ejectment Execution Requested” and “Money Execution Requested.” A clear “X” appears next to the Ejectment Execution provision, but the space available for requesting a “Money Execution” was left blank. Further, the third line of the text of the agreement for judgment provided that an execution for possession was to *57 be issued on “05/06/04. Stayed in accordance with terras below.” However, a fourth line stating “Money Execution to be issued on_” was marked with a handwritten “N/A” signifying “not applicable.”
The Tenant breached the agreement for judgment by failing to pay for use and occupancy by the first of June, 2004. After giving the Tenant the three days’ notice required by the agreement, the Landlord filed applications for the issuance of executions for both possession and money damages. On June 14,2004, the trial court clerk issued a “Writ of Execution for Possession” and a “Writ of Execution on Money Judgment.” The latter writ was for a judgment totaling $1,271.40, comprised of $1,000.00 in damages (use and occupancy for one month) and $271.40 in costs. The writs were served by a deputy sheriff on June 18, 2004. Execution for possession was returned as satisfied after the Tenant vacated the premises. The execution for money damages was returned unsatisfied.
On July 14, 2004, the Tenant, acting pro se, filed a motion “to set aside writ of execution on money judgment” on the ground, among others, that “ [t] he agreement between the parties never stipulated [a] money execution.” The motion was allowed after hearing.
There was no error.
The Landlord correctly contends that a court is not generally authorized to amend or modify an agreement for judgment. Thibbitts v. Crowley, 405 Mass. 222, 226-227 (1989). “A court is powerless to enlarge or contract the dimensions of a true consent decree except upon (i) the parties’ further agreement or (ii) litigation of newly-emergent issues.” Id. at 227. However, contrary to the Landlord’s contention, the court did not in any way alter or amend the parties’ agreement for judgment. The allowance of the Tenant’s motion simply and properly set aside a money execution not called for by that agreement. As indicated, a “money execution” was expressly and unambiguously designated as not applicable (“N/A”) by the parties. Further, the parties declined the opportunity to indicate that a money execution might be sought by leaving blank the space provided for such a request. No persuasive argument could be made that this was inadvertent, or that the likelihood of unpaid use and occupancy charges and costs resulting from a possible breach by the Tenant could not have been foreseen and provided for in the agreement. The Landlord has wisely eschewed any such argument.
While the issuance of a writ of execution is a “ministerial act to be performed by the clerk,” Boston v. Santosuosso, 308 Mass. 202, 205-206 (1941), the terms of any execution issued must mirror those of the underlying judgment, Berman v. Bacon’s Spirits Co., 2001 Mass. App. Div. 146, 147, and be appropriate for the enforcement of that judgment. G.L.c. 214, §16. Once issued, an execution can be amended only to “conform the execution to the judgment upon which it was based.” Berman, supra at 147. The parties’ agreement for judgment “conclusively determine [d]” their rights, Kelton Corp. v. County of Worcester, 426 Mass. 355, 359 (1997), and thus effectively served as the judgment herein. The trial judge possessed and properly exercised the requisite judicial authority, Boston, supra at 206, to set aside the Writ of Execution on Money Judgment to insure that the execution in this case conformed to the judgment; that is, to the parties’ agreement that a money judgment execution was inapplicable to the settlement of their controversy.
Accordingly, the allowance of the Tenant’s motion to set aside the Writ of Execution on Money Judgment is affirmed.
So ordered.