Boston Housing Authority v. Cassio.

BOSTON HOUSING AUTHORITY vs. BARBARA CASSIO.

Suffolk. May 7, 1998. - July 31, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Housing. Boston Housing Authority. Landlord and Tenant,* Eviction. *Parent and Child,* Parental liability for intentional act of child. *Practice, Civil,* Agreement for judgment.

In an eviction action brought by the Boston Housing Authority (BHA), in which the tenant had entered into an agreement for judgment providing that execution would not issue unless there was thereafter a violation of the agreement and only upon the order of a judge, a Housing Court judge erred in denying the BHA's motion for execution based on the tenant's inability to control or prevent the conduct of her daughter, a household member, where the only issue was whether there was a substantial violation of a material term of the agreement for judgment; the matter was remanded for further proceedings. [113-115]

SUMMARY PROCESS. Complaint filed in the Boston Division of the Housing Court Department on August 5, 1996.

A motion for the issuance of execution was heard by *Jeffrey M. Winik,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael E. Malamut* for the plaintiff.

*Francis J. Hurley* for the defendant.

WILKINS, C.J. On August 29, 1996, the plaintiff, Boston Housing Authority (BHA), and the defendant, a tenant of the BHA, entered into an agreement for judgment (sometimes the agreement) in favor of the BHA in the BHA's eviction action. The agreement provided that execution would not issue, however, unless a violation of any condition of the agreement thereafter occurred and, on motion of the BHA, a judge ordered that execution issue. Two weeks later, the BHA moved for the issuance of execution, contending that a condition of the agreement had been violated. See G. L. c. 239, § 10. A judge of the Boston Housing Court denied the motion. We transferred the BHA's

appeal here. We vacate the order denying the motion for issuance of execution.

The judge made findings which include the following. Paragraph two of the agreement provided that the tenant would "assure that all household members, including but not limited to Christine Cassio [the tenant's then eighteen year old daughter], will refrain from harassment of other individuals lawfully on BHA property." Christine's earlier assault of another BHA resident led to the commencement of this BHA summary process action, resulting in the agreement for judgment. On September 9, 1996, less than two weeks after the agreement for judgment was entered, Christine used spray paint to write a racial epithet on a wall of a pathway in the BHA development.

The judge ruled that the tenant could be evicted only if she reasonably could have foreseen and prevented her daughter's unlawful conduct, citing *Hodess* v. *Bonefont*, 401 Mass. 693, 696-697 (1988). See *Spence* v. *Gormley*, 387 Mass. 258 (1982). The judge found that the tenant "was on notice and could have foreseen that Christine might engage in harassing conduct towards individuals lawfully on BHA property." He concluded further that "[t]here was no evidence presented at the hearing, however, that, short of removing her daughter from the apartment, [the tenant] could have prevented Christine's act of vandalism."[1]

The judge erred in applying the standard prescribed in those cases. *Spence* v. *Gormley, supra,* concerned the issue whether a housing authority tenant could properly be evicted because of the unlawful conduct of a household member, conduct that constituted grounds for eviction under the tenant's lease. *Id.* at 259-262. Because of the agreement for judgment entered in this case, the tenant's eviction was not subject to the principles of *Spence* v. *Gormley, supra* at 263-264, interpreting "cause" in G. L. c. 121B, § 32. The question before the judge was whether the tenant was "in substantial violation of a material term . . . of the agreement for judgment." G. L. c. 239, § 10. To consider the question of eviction in this case only under G. L. c. 121B, § 32, concerning cause for eviction (see *Boston Hous. Auth.* v. *Bell, ante* 108, 109 [1998]), would make nugatory the condition of the agreement on which the BHA relies, to which the tenant agreed, and which a judge approved.

---

[1]This statement places a burden of proof on the BHA. If the issue of preventability were properly involved in this case, the burden would be on the tenant. See *Boston Hous. Auth.* v. *Bell, ante* 108, 111 (1998).

The tenant assured the BHA that her daughter Christine would refrain from harassment of others lawfully on BHA property. Christine nevertheless did harass others lawfully on BHA property. The tenant's assurance was not that she would prevent such conduct if she could reasonably do so. It was that the conduct would not occur. The judge erred in denying the BHA's motion based on the tenant's inability to control or prevent her daughter's conduct.

The judge ordered that the agreement for judgment be amended to provide that the tenant not permit Christine to visit her in the development. He found that the tenant had immediately thrown her daughter (and her clothes) out of the apartment and told her not to return. The tenant next requested the BHA site manager to remove Christine's name from the lease. The tenant, who had lived in the apartment for seventeen years and had two other, younger children living with her, testified (and presumably the judge found) that she would take all necessary action to ensure that Christine did not return to the development. The judge characterized the tenant's action as responsible and decisive.

The BHA argues that the judge could not properly deny it possession of the premises based on the tenant's attempt to remedy the situation after the agreement had been violated. Further, the BHA correctly argues that, in the circumstances, the agreement for judgment could not properly be amended without the BHA's consent (and that of the tenant). See *Kelton Corp.* v. *County of Worcester*, 426 Mass. 355, 359 (1997), and cases cited. We cannot know what the judge would have done if he had realized that the agreement for judgment made the principles of *Hodess* v. *Bonefont, supra,* and *Spence* v. *Gormley, supra,* inapplicable to this eviction proceeding. On this record, no equitable or other principle would have warranted the denial of possession to the BHA.

The order denying the motion for issuance of execution and modifying the agreement for judgment is vacated. Almost two years have passed since that order was entered. Circumstances may have changed. An order allowing the motion for issuance of execution shall be entered thirty days after the issuance of the rescript from this court, unless prior thereto the BHA and the tenant agree, with court approval, to some modification of

the agreement for judgment or to some other settlement of the matter.

*So ordered.*