NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-265

KULWANT S. GILL & others[1]

vs.

ANGELA CORNACCHIO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant-tenant appeals from the denial of her motion to reconsider the final judgment entered against her in a summary process action.  This action arises out of an agreement the tenant signed to vacate a property she was renting, which was entered in the Housing Court as a final judgment.  As explained below, we address only the tenant's appeal from denial of the motion to reconsider, and not the underlying final judgment.  We affirm.

Background.  In September 2022, the plaintiffs, Kulwant S. Gill, Falgun Patel, and Gurmit Kaur (landlords) commenced this

_____

[1] Falgun Patel and Gurmit Kaur.

summary process action against the defendant, Angela Cornacchio (tenant). On November 18, 2022, the parties entered into an agreement for judgment that, among other things, awarded possession to the landlords and gave the tenant until July 31, 2023, to vacate the property.[2] The agreement also provided that the parties waived all claims and counterclaims against each other and waived all rights of appeal. The agreement was approved by a Housing Court judge, and final judgment for the landlord entered on November 28, 2022.

Thereafter, the landlords filed a request to issue execution of the agreement where the tenant was still occupying the premises as of August 8, 2023. The tenant requested a stay of the execution. The judge allowed the stay until November 1, 2023, but also explicitly stated that no further stays would be allowed. For reasons that are not apparent on the record, an execution for possession issued against the tenant prior to that date, on September 20, 2023. It appears that the tenant did not vacate the property until November 4, 2023.

---

[2] On the date that the parties entered into the agreement for judgment, the tenant was represented by counsel and the matter was referred to a housing specialist for mediation. The parties completed a form that was filed in the Housing Court indicating that the matter had been "[s]ettled."

On January 24, 2024, the tenant, now acting pro se, filed a "motion to move back in and motion to reconsider [the judgment entered based on the parties' agreement]." In an order entered on January 25, 2024, a different Housing Court judge (motion judge) denied the motion. In the margins, the motion judge wrote that the motion was denied because "[the tenant] has not been in possession of the apartment for over 60 days and denied as a motion to reconsider where [the tenant] signed an agreement to vacate by 7/31/23, with said agreement dated 11/18/22, and the court allowed a stay through 11/1/23 pursuant to ordered dated 9/8/23."

On the same day, the tenant filed a handwritten notice of appeal from the denial of her motion to reconsider. Then, on February 8, 2024, the tenant filed a notice of appeal on a preprinted form, apparently appealing from a judgment entered on January 23, 2024.[3] In that notice, the tenant raised arguments challenging the legality of the underlying judgment entered on November 28, 2022.

---

[3] We note that, despite there being no judgment on the docket dated on January 23, 2024, the tenant, who was acting pro se at this point, dated her motion to reconsider January 23, 2024, and was therefore most likely referencing the denial of that motion on February 16, 2024.

Discussion.  The tenant's appeal presents three questions. First, did she appeal the judgment entered on November 28, 2022. Second, if so, was her appeal timely.  Third, did she raise any appellate arguments that merit substantive consideration.

First, we will assume without deciding that the February 8, 2024, notice of appeal was adequate to designate both the original judgment and the order denying the tenant's motion for reconsideration for the purposes of Mass. R. A. P. 3 (c) (1), as appearing in 491 Mass. 1601 (2023).

Second, the tenant's appeal from the November 28, 2022, judgment was untimely.  The notice of appeal was not filed within thirty days of the entry of judgment, and the tenant did not seek leave to file her appeal late.  Even reading the tolling provisions of Rule 4 generously, none of them applied to extend the time to appeal beyond the Rule 4 deadline.  See Mass. R. A. P. 4, as appearing in 481 Mass. 1606 (2019).  Therefore, we must dismiss tenant's appeal from the final judgment.

Third, as to the tenant's appeal of the denial of her motion for reconsideration, she has made no legal argument that the motion judge abused his discretion in denying that motion. See Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 312-313 (2009) (standard of review for denial of motion to reconsider is abuse of discretion).  While we are sympathetic to

4

the struggles faced by an evicted tenant, there is no argument in the brief for us to consider. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief"); Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (appellate court unable to reach issues on appeal where appellant "failed to support [her] claims of error with sufficient legal argument . . . and fail[ed] to cite to sufficient supporting authority").

Were we to reach the merits of the appeal, we also see no basis to find that the motion judge abused his discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (abuse of discretion occurs when judge "made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives [quotation and citation omitted]"). The motion judge was permitted to consider that the tenant, with the assistance of counsel, had participated in a Housing Court mediation and then had entered into a facially valid agreement to vacate the premises. Moreover, the motion judge was also permitted to consider that the tenant presented no argument for why relief from the agreement was warranted. Adjartey v. Central Div. of the Hous. Court Dept., 481 Mass. 830, 835-840 (2019), citing

5

Boston Hous. Auth. v. Cassio, 428 Mass. 112, 113-114 (1998) (agreements reached through housing court mediations result in binding court orders).[4]

Conclusion. The appeal from the final judgment is dismissed as untimely. The order denying the motion for reconsideration is affirmed.

So ordered.

By the Court (Hand, Grant & Wood, JJ.[5]),

*Paul Little*

Clerk

Entered: May 30, 2025.

---

[4] Given our conclusion, we do not reach the landlords' additional arguments on appeal.

[5] The panelists are listed in order of seniority.

6